**James ACUNIA, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 22579.**

United States Court of Appeals
Ninth Circuit.

Nov. 21, 1968.

Tom O'Toole (argued) Asst. Federal Defender, Tom Karas, Phoenix, Ariz., for appellant.

Lawrence Turoff (argued) Asst. U. S. Atty., Edward E. Davis, U. S. Atty., John Moran, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before BROWNING and ELY, Circuit Judges, and VON DER HEYDT, District Judge.

ELY, Circuit Judge:

Acunia was convicted of having committed, on an Indian reservation, an act of incest upon his daughter. His appeal presents the question of whether, under the Assimilative Crimes Act, 18 U.S.C. § 13, it was proper to refer to the law of Arizona for definition of, and punish-

ment for, the crime of incest as such crime was listed in 18 U.S.C. § 1153 at the time of the alleged offense, November 9, 1965.

Jurisdiction of the District Court was predicated on 18 U.S.C. § 3231, and ours rests upon 28 U.S.C. §§ 1291, 1294, and 1915.

The District Court ruled that the offense charged in the indictment constituted a violation of 18 U.S.C. § 1153. Although at the time of the alleged offense no federal statute contained a definition or prescribed a punishment for the crime of incest, the District Court determined that the Assimilative Crimes Act, 18 U.S.C. § 13, required reference to state law to supply the definition and punishment for the crime.

■ 18 U.S.C. § 1152, specified in the indictment, subjects non-Indians to the federal criminal law for offenses committed in Indian territory. The section also covers Indians who commit offenses in Indian country but makes an exception important to this case.

"Except as otherwise expressly provided by law, the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States, except the District of Columbia, shall extend to the Indian country.

"*This section shall not extend to offenses committed by one Indian against the person or property of another Indian*, nor to any Indian committing any offense in the Indian country who has been punished by the local law of the tribe, or to any case where, by treaty stipulations, the exclusive jurisdiction over such offenses

is or may be secured to the Indian tribes respectively."

18 U.S.C. § 1152 (Emphasis added.) The district judge correctly concluded from undisputed evidence that Acunia was an Indian, and the alleged victim was also an Indian. Since the incest charged was "committed by one Indian against the person * * * of another Indian," the District Court also correctly decided that Acunia had committed no offense under section 1152.[1] Nevertheless, relying on section 1153, which was, not specified in the indictment, the District Court entered a judgment of conviction pursuant to the jury's verdict of guilty.

Section 1153, at the time of the alleged offense, provided:

"Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, rape, incest, assault with intent to kill, assault with a dangerous weapon, arson, burglary, robbery, and larceny within the Indian country, shall be subject to the same laws and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

"As used in this section, the offense of rape shall be defined in accordance with the laws of the State in which the offense was committed, and any Indian who commits the offense of rape upon any female Indian within the Indian country, shall be imprisoned at the discretion of the court.

"As used in this section, the offense of burglary shall be defined and punished in accordance with the laws of

---

1. Section 1152, by its express excepting terms, does not extend to intra-Indian offenses such as the incest involved in this case. The section otherwise concerns general federal laws applicable, except as to the District of Columbia, to "any place with'n the sole and exclusive jurisdiction of the United States * * *." These general laws are commonly known as the federal enclave laws. Section 1152 does not relate, however, to violations of the general laws of the United States which constitute federal crimes regardless of where committed. See Walks On Top v. United States, 372 F.2d 422, 425 (9th Cir. 1967) (assault by an Indian against a federal officer who was also an Indian).

the State in which such offense was committed."

The Government concedes that at the time of the alleged offense the federal statutes did not include a definition or prescribe a penalty for the crime of incest specified in section 1153. Nevertheless, it argues that Congress intended that the Assimilative Crimes Act, 18 U.S.C. § 13, should fill the loophole. We cannot agree.

Assuming that the indictment properly charged a violation of section 1153,[2] the statute as to the crime charged and as it read at the time of the alleged offense was unenforceable. The section purported to proscribe ten crimes, nine of which were defined and for which there were penalty provisions either by express reference to state law in section 1153 or by other sections of Title 18. Incest, however, was left alone—listed in section 1153 but without definition or provision for penalty.

18 U.S.C. § 13, The Assimilative Crimes Act, provides:

"Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment."

The Supreme Court, in upholding the constitutionality of the statute, has declared the statute's purpose to be to conform the criminal law of federal enclaves to that of local law except in cases of specific federal crimes. United States v. Sharpnack, 355 U.S. 286, 289–295, 78 S.Ct. 291, 2 L.Ed.2d 282 (1958). See also Annot., 2 L.Ed.2d 1686. Neverthe-

less, it is clear that Congress did not intend that the Assimilative Crimes Act should apply to situations wherein, under the second paragraph of 18 U.S.C. § 1152, the extension to Indian country of the general laws of the United States for federal enclaves is specifically removed.

Although the Assimilative Crimes Act is among the general laws which the first paragraph of section 1152 extends to Indian territory, Williams v. United States, 327 U.S. 711, 713, 66 S.Ct. 778, 90 L.Ed. 962 (1946), section 1152 does not extend to "offenses committed by one Indian against the person or property of another Indian * * *." The Assimilative Crimes Act was applied to sustain a conviction for violation of gambling laws in United States v. Sosseur, 181 F.2d 873 (7th Cir. 1950), but this was only because the gambling offense there involved was held not to be an offense by one Indian against another. Id. at 876. The court explained:

"We think it is clear that *unless* there is present one of the three conditions provided by § 1152 ¶ 2 to exempt an Indian from liability for offenses under the general laws of the United States to which he is subject by virtue of § 1152 ¶ 1, that section is effective to render him amenable to such general laws, including or as enlarged by the Assimilative Crimes Act."

Id. at 875 (Emphasis added.)

The ten crimes specified in section 1153 as it read at the time of the alleged offense are federal crimes only when committed by one Indian against the person or property of another Indian. Definitions and penalties for seven of the specified crimes, murder, manslaughter, assault with intent to kill, assault with a dangerous weapon, arson, robbery, and larceny, are found in various sections of Title 18. See 18 U.S.C. §§ 81, 113, 661, 1111, 1112, 1153, and 2111. Congress expressly provided that there be reference to state law for the defini-

---

2. Acunia argues that the indictment of the grand jury charged him with a violation of 18 U.S.C. § 1152 only, and not with a violation of 18 U.S.C. § 1153. We do not reach the merits of this contention.

tion of rape and for the definition of burglary and the punishment therefor. If the Assimilative Crimes Act had not been excepted from application by the second paragraph of section 1152, it would have been unnecessary for Congress to make reference in section 1153 to state law concerning the offenses of rape and burglary. Since there was no prescribed reference to state or federal law for the tenth crime specified in section 1153, incest, and since the Assimilative Crimes Act was not applicable because removed along with other general laws by the second paragraph of section 1152, incest lacked both a definition and a prescribed penalty prior to 1966. The statute was therefore unenforceable as to that crime. See United States v. Cardiff, 344 U.S. 174, 176, 73 S.Ct. 189, 97 L.Ed. 200 (1952); United States v. Evans, 333 U.S. 483, 495, 68 S.Ct. 634, 92 L.Ed. 823 (1948); Viereck v. United States, 318 U.S. 236, 241, 63 S.Ct. 561, 87 L.Ed. 734 (1943).

Our conclusion that the Congress did not intend that the Assimilative Crimes Act should be applied in cases of "offenses committed by one Indian against the person or property of another Indian" is strongly supported by very relevant congressional history. In 1966, subsequent to the time of Acunia's alleged offense, section 1153 was amended with the addition of the following: "As used in this section * * * incest shall be defined and punished in accordance with the laws of the State in which such offense was committed." As amended Nov. 2, 1966, Pub.L. 89–707, § 1, 80 Stat. 1100. The Report of the House Committee on the Judiciary reveals that the legislators were convinced, as we now hold, that the crime of incest had not, before 1966, been enforceably proscribed by federal statute.

"The offense of 'incest' is now included among the crimes listed in section 1153. However, incest is not made a crime under Federal law with the result that its inclusion in this section does not now have the desired legal effect. This bill would correct this situation by including it as among the offenses to be defined and punished in accordance with the laws of the State in which the offense was committed."

1966 U.S. Code Cong. & Admin. News, p. 3655.

Upon remand, the District Court will dismiss the indictment.

Reversed.