**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Frank Alfred ANALLA, Jr., Defendant-Appellant.**

**No. 73–1635.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Jan. 7, 1974.

Decided Jan. 29, 1974.

---

Winston Roberts-Hohl, Asst. Federal Public Defender, Albuquerque, N. M., for defendant-appellant.

Richard J. Smith, Asst. U. S. Atty. (Victor R. Ortega, U. S. Atty., Albuquerque, N. M., on the brief), for plaintiff-appellee.

Before HILL, BARRETT and DOYLE, Circuit Judges.

HILL, Circuit Judge.

This is an appeal from a conviction of assault resulting in serious bodily injury under 18 U.S.C. § 1153,[1] as defined in N.M.S.A. § 40A–3–5,[2] Aggra-

---

[1]. 18 U.S.C. § 1153 (Supp.1973) provides in part:

Any Indian who commits against the person . . . of another Indian . . . assault resulting in serious bodily injury . . . shall be subject to the same laws and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

[2]. N.M.S.A. § 40A–3–5 (1953) provides in part:

(A) Aggravated battery consists of the unlawful touching or application of force to the

vated Battery. Trial was to a jury in the United States District Court for the District of New Mexico.

The evidence is virtually undisputed. Appellant, an Indian, resided on the Laguna Indian Reservation in New Mexico. Late in the evening of April 7, 1973, or early in the morning of April 8, 1973, his younger brother was badly beaten in a fist fight with several other Indians. When the young man returned home, appellant, who had been drinking earlier in the evening, became angry at what had happened. He ascertained the identities of the assailants and, accompanied by a friend, left his residence in search of the men. They took appellant's pickup truck, in which a 12-gauge shotgun and several shells were stored, and drove to the home of Melton Cheromiah, one of the men involved in the fight. Several other men who were involved in the fight also were there, drinking beer and discussing the evening's activities.

Appellant and his companion parked their vehicle some distance past Cheromiah's house, and walked back. Appellant carried the shotgun and his companion carried the shells. Upon reaching the house the men hid in a nearby ditch. Appellant instructed his friend to throw rocks on the roof of the house to lure the occupants outside. His friend did as instructed, and Cheromiah appeared at the front door. Appellant then fired seven or eight shots into the house, one of them striking Cheromiah. Appellant subsequently fired a few more shots into vehicles parked nearby, and then he and his friend left.

Upon these facts appellant was indicted and charged with violating 18 U.S.C. § 1153, as defined in N.M.S.A. § 40A-3-5. Pre-trial motions to dismiss the indictment for failure to state an offense against the United States and for failure to allege essential elements were denied. Appellant's re-

quested instructions on temporary insanity also were denied. The jury found appellant guilty as charged, and he was sentenced to ten years imprisonment.

■ Appellant's first argument is that the indictment does not charge a crime against the United States. Relying upon Acunia v. United States, 404 F.2d 140 (9th Cir. 1968), he contends the crime of assault resulting in serious bodily injury lacks both a definition and a prescribed penalty, and that any indictment based thereon must be dismissed. We do not agree. Acunia involved a conviction for incest under § 1153. At the time of the alleged offense, however, there was no penalty prescribed for incest; therefore § 1153 was unenforceable as to that crime. The court in Acunia noted, however, that incest would be enforceably proscribed if § 1153 included it among the offenses to be defined and punished in accordance with the law of the state where the offense was committed. Since assault resulting in serious bodily injury is defined and punished by reference to state law, we find appellant's position in this regard to be without merit.

■ Because the indictment defines assault resulting in serious bodily injury as a lesser included offense of the more serious crime of aggravated battery, appellant contends, the indictment still is defective. He argues that § 1153 must be strictly construed and cannot be extended by intendment to crimes not clearly within its terms. We agree with these legal principles, but we nevertheless find that the plain language of § 1153 and N.M. S.A. § 40A-3-5 supports the indictment. Section 1153 requires more than a mere assault intended to cause serious injury; it requires an assault culminating in a serious injury. It therefore is consistent with N.M.S.A. § 40A-3-5 because a consummated assault is a battery. State v. Grayson, 50 N.M. 147, 172 P.2d 1019 (N.

person of another with intent to injure that person or another.

(C) Whoever commits aggravated battery inflicting great bodily harm or does so with

a deadly weapon . . . is guilty of a third degree felony.

M.1946); 6 C.J.S. Assault and Battery § 57 (1937). Nor are the two statutes different in the type of injury that must be sustained. Section 1153 requires "serious bodily injury" and the state statute requires "great bodily harm". The difference in wording throughout the statutes amounts only to a difference in nomenclature, and not substantive law. The same elements are present in both.

Appellant's final argument concerning the indictment's defectiveness is that it is insufficient for failure to set forth the element of intent, as required by N.M.S.A. § 40A–3–5.

■■ To be legally sufficient an indictment must apprise an accused of the nature of the charge(s) which he must meet, and the allegations contained therein must be sufficiently specific to stand as a bar to further prosecution. Although the indictment in question is not a model of proper criminal pleading, we do not believe its imperfections are prejudicial. It does not, as appellant correctly contends, contain an allegation of specific intent. However, the sufficiency of the indictment must be determined on the basis of practical rather than technical considerations. Robbins v. United States, 476 F.2d 26 (10th Cir. 1973). The gravamen of the charge is a violation of federal law, which the indictment sets forth in the language of § 1153. It therefore is not necessary to allege the elements of the state substantive offense. United States v. Karigiannis, 430 F.2d 148 (7th Cir. 1970). Both the statutory language of § 1153 and a reference to the state statute are incorporated within the indictment. This is all that the law requires and is sufficient to fairly notify appellant of the charge against him. No prejudice appearing, such an omission furnishes no ground for reversal of the conviction.

Appellant's second argument is that he has been denied equal protection of the laws. Section 1153 expressly provides that Indians charged thereunder "shall be subject to the same laws and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States." Appellant states this conflicts with the later provision declaring that assault resulting in serious bodily injury is to be defined and punished in accordance with applicable state law.

■ In considering this argument, it is to be noted that although the equal protection clause of the Fourteenth Amendment does not apply to the federal government, federal discrimination may be so gross as to be unconstitutional by virtue of the Fifth Amendment's due process clause. Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954). The test for determination of this equal protection issue under the Fifth Amendment is whether the racial distinction embodied in § 1153 is reasonably related to any proper governmental objective or whether it is invidious or capricious. To be sure, § 1153 is based upon a racial classification. The constitutionality of such a classification, however, is apparent from the history of the relationship between Indians and the federal government. *See* Kills Crow v. United States, 451 F.2d 323 (8th Cir. 1971); Gray v. United States, 394 F.2d 96 (9th Cir. 1967). That relationship from the beginning has been characterized as resembling that of a guardian and ward. As an incident of such guardianship the federal government has full authority:

> to pass such laws . . . as may be necessary to give to [Indians] full protection in their persons and property, and to punish all offenses committed against them or by them within [federally granted] reservations.

United States v. Thomas, 151 U.S. 577, 585, 14 S.Ct. 426, 429, 38 L.Ed. 276 (1894). Given such a perspective, we are unable to ascribe to § 1153 an invidious classification, and we conclude that appellant's argument thereon must fail.

■ Appellant next contends the trial court erred in refusing his instructions on the elements of assault and the

definition of serious bodily injury, and his requested instructions on temporary insanity. Addressing ourselves first to the requested instructions on "assault resulting in serious bodily injury," we find that such instructions attempted to define the crime in terms of 18 U.S.C. § 114. Section 1153, however, provides that "assault resulting in serious bodily injury" shall be defined in accordance with applicable state law. We therefore find no error in the trial court's refusal to instruct on § 114, and its subsequent instruction on the basis of N.M.S.A. § 40A–3–5.

Turning our attention to the requested instructions on temporary insanity, it is equally clear that no error was committed in refusing these instructions. Appellant presented no medical evidence on the issue. Virtually the only evidence raising the question was appellant's own testimony that he was distraught and that he had vivid recollections of past combat activities while a soldier in Viet Nam. An accused must introduce some evidence of insanity before he is entitled to an insanity instruction. The trial court did not view the evidence presented as sufficient to raise the issue. We have carefully examined the record, and are in complete agreement with the trial court's decision.

The next argument presented by appellant is that his motion for acquittal should have been granted because the government failed to prove serious bodily injury. In deciding whether to grant a motion for acquittal, a trial court must consider the evidence in a light most favorable to the prosecution. United States v. Mallory, 460 F.2d 243 (10th Cir. 1972), cert. denied, 409 U.S. 870, 93 S.Ct. 197, 34 L.Ed.2d 120. The evidence established that the victim sustained a gunshot wound. There were wounds of entry, located on the lower right side of his chest, where he had been hit by at least two double aught buckshot pellets. One of the pellets struck his liver, tearing a one-inch by two-inch hole in that organ, and causing internal bleeding. Based upon this evidence, we cannot say that serious bodily injury has not been proven.

Appellant's final argument is that his sentence according to state law was illegal. We do not agree. Section 1153 provides that assault resulting in serious bodily injury is to be punished in accordance with applicable state law. Appellant was convicted of what is a third degree felony in New Mexico, the penalty being imprisonment for not less than two nor more than ten years. The trial court sentenced him to ten years. This was not error. *See, e. g.,* State v. Henry, 78 N.M. 573, 434 P.2d 692 (1967). Under New Mexico's indeterminate sentencing theory, a sentence is in effect for the maximum time, subject to reduction. State v. Deats, 83 N. M. 154, 489 P.2d 662 (1971). Any reduction in a sentence is a function of the state's probation and parole authorities, and not the sentencing court. The sentence was not improper.

The judgment of the trial court is affirmed.