Argued and submitted December 22, 1983, reversed in part;
affirmed in part February 8, 1984

STATE OF OREGON,
*Respondent,*

*v.*

JAMES PHILLIP GRANT, aka
James Phillip Martin,
*Appellant.*

(10-82-02620; CA A27575)

STATE OF OREGON,
*Respondent,*

*v.*

JAMES PHILLIP GRANT,
*Appellant.*

(10-83-00569; CA A27576)
(Cases Consolidated)

675 P2d 1120

Marilyn C. McManus, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Robert E. Barton, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Defendant appeals his convictions for unauthorized use of a vehicle (UUV), ORS 164.135(1), driving while suspended (DWS), ORS 487.560, and perjury, ORS 162.065. We address only the conviction for UUV.[1] The dispositive issues is whether the trial court erred in denying his motion to dismiss the UUV count on double jeopardy grounds. We reverse.

During the early morning hours of March 17, 1982, the theft of a truck in Lane County was reported to the police. Around 1 a.m., defendant was stopped by a state police officer in Linn County and arrested for driving under the influence of intoxicants (DUII). Defendant was driving the missing truck, but that fact was not known to the officer at the time of the arrest. Following a second "records check," the officer learned that the truck had been reported stolen. Defendant was lodged in the Linn County jail for DUII and UUV.

■ On March 17, defendant was arraigned, pleaded guilty and was sentenced in Linn County on the DUII charge. Linn County elected not to prosecute the UUV charge. On March 26, defendant was indicted in Lane County for UUV and DWS.[2] Defendant moved to dismiss the UUV charge[3] on the basis of ORS 131.515(2), Article I, section 12, of the Oregon Constitution and the Fifth and Fourteenth Amendments to the United States Constitution. ORS 131.515(2) provides:

> "No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."

---

[1] One indictment charged defendant with UUV and DWS. The other indictment charged him with perjury. On the DWS and perjury convictions, he contends only that the trial court failed to state reasons on the record for the sentences imposed. ORS 137.120(2). The contention is without merit.

[2] The state learned on March 23, 1982, that defendant had given a false name and address when he was arrested for DUII. Once his true identity was established, it was discovered that his driver's license was suspended.

[3] Defendant conceded at trial that the DWS charge could not have been joined at the time of his DUII plea, because it was not discovered until after the plea.

For purposes of the statute, defendant was prosecuted for DUII when he entered a guilty plea. ORS 131.505(5)(a).[4]

■      ORS 131.515(2) is a rule of compulsory joinder. *State v. Knowles,* 289 Or 813, 821, 618 P2d 1245 (1980). When the facts establish the three requirements of ORS 131.515: (1) prosecutorial knowledge; (2) proper venue; and (3) offenses based on the same criminal episode, failure to join the charges results in a statutory prohibition against subsequent prosecutions. *State v. Knowles, supra.* The state concedes that the Linn County prosecutor knew about the UUV offense when defendant pleaded guilty to DUII and that venue for the UUV offense was proper in Linn County. The question is whether the DUII and UUV offenses were based on the "same criminal episode."

In *State v. Boyd,* 271 Or 558, 566, 533 P2d 795 (1975), the court stated:

> "In deciding whether multiple charges should be joined, the prosecutor and the trial judge may start, then, with the initial guideline that if a complete account of one charge necessarily includes details of the other charge, the charges must be joined to avoid a later double jeopardy defense to further prosecution."

The indictment charges that defendant "did unlawfully and knowingly take, operate, exercise control over, ride in, and use a 1976 Chevrolet pickup motor vehicle without the consent of the owner." The indictment tracks the language of the UUV statute. ORS 164.135(1)(a). The offense of DUII necessarily requires proof that defendant was driving.

■      Although conceivably one could take, exercise control over, ride in or use a vehicle without driving the vehicle, under the circumstances here we cannot imagine proof of the crime without evidence that defendant was stopped while

---

[4] ORS 131.505(5) provides:

"(5) A person is 'prosecuted for an offense' when he is charged therewith by an accusatory instrument filed in any court of this state or any court of any political subdivision of this state, and when the action either:

"(a) Terminates in a conviction upon a plea of guilty * * *

"* * * * *"

driving the truck. Thus, both offenses include a common element, that is, that defendant was driving the truck. Using the *Boyd* guideline, a complete account of one charge necessarily includes details of the other. Prosecution of the UUV charge is barred, under the statute, by the previous prosecution on the charge of DUII.[5]

Conviction for Unauthorized Use of a Vehicle reversed; convictions for Driving While Suspended and Perjury affirmed.

---

[5] Our disposition makes it unnecessary to discuss defendant's constitutional claims.