UNITED STATES of America, Plaintiff-Appellee,

v.

Byron Samuel STRONG, Defendant-Appellant.

No. 84–3121.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 1985.

Decided Dec. 18, 1985.

**1394**

William Youngman, Asst. U.S. Atty., Portland, Or., for plaintiff-appellee.

Diane Alessi, Marc Blackman, Ranson, Blackman & Simson, Portland, Or., for defendant-appellant.

Before BROWNING, Chief Judge, ALARCON, Circuit Judge, and STEPHENS*, District Judge.

PER CURIAM:

On July 2, 1980 Byron Strong, a Siletz Indian, committed a burglary on the Umatilla Indian Reservation. He was indicted on January 20, 1982 and convicted in an Oregon state court on March 26, 1982.

After commission of the burglary but before appellant was convicted, Oregon retroceded to the United States "all criminal jurisdiction exercised by the State of Oregon over the Confederated Tribes of the Umattila [sic] Indian Reservation." 46 Fed.Reg. 2195 (1981). The United States, in turn, returned all "criminal jurisdiction ... to the Confederated Tribes of the Umatilla Indian Reservation." *Id.* *See* 25 U.S.C. § 1323 (1982).

Two years later, in August 1984, an Umatilla Tribal Police officer approached appellant's parked car after he saw it swerve erratically. After some discussion the officer placed appellant in custody for failure to display a driver's license on request and for drunk driving. A pat-down search revealed fifty bullets in appellant's pocket. The officer searched the car and found a loaded pistol.

Strong was convicted in tribal court of driving the wrong way, failing to display his driver's license when requested, and driving under the influence of alcohol.

Thereafter the indictment in this case was returned charging that Strong was an ex-felon possessing a firearm in violation of 18 U.S.C. app. § 1202(a)(1) (1982). He moved to dismiss, contending (1) the Oregon state court lacked jurisdiction over him when it convicted him of the predicate burglary offense, and (2) the federal court lacked jurisdiction over him because of the prior tribal conviction. He also moved to suppress the gun. The district court denied the motions and convicted Strong. He appeals.

I.

The government argues that jurisdictional defects in the predicate burglary conviction cannot be raised in a prosecution under section 1202(a)(1) for being an ex-felon possessing a firearm. We need not decide whether the bar to collateral attack recognized in *Lewis v. United States,* 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980) extends to a challenge to the jurisdiction of the court in which the predicate conviction was obtained, for there was no jurisdictional defect in appellant's predicate conviction for burglary in state court.

Traditionally, courts of the state in which a crime was committed have jurisdiction to prosecute the violator. 1 C. Torcia, Wharton's Criminal Procedure § 17 at 55 (12th ed. 1974). An Oregon statute codifies this rule. *See* Or.Rev.Stat. § 131.215 (1983). The offense here was committed on July 2, 1980 on an Indian reservation within Oregon over which Oregon had jurisdiction. *See* 18 U.S.C. § 1162(a) (cession of jurisdiction to Oregon); Or.Exec. Order No. EO–80–8 (offer of jurisdiction to the federal government to be effective on acceptance), 46 Fed.Reg. 2195 (1981) (acceptance effective January 2, 1981).

■ The fact that Oregon no longer had jurisdiction over the situs of the offense at the time of prosecution is irrelevant. In determining whether a state has jurisdiction to prosecute, the courts have inquired whether the state had jurisdiction at the time the offense was committed. *See Latender v. Israel,* 584 F.2d 817, 818 (7th Cir.1978). A different conclusion would result in crimes committed before cession going unpunished if prosecution was not completed before cession occurred. In such a case neither the federal government nor the tribal government to whom the United States retroceded jurisdiction would have jurisdiction to prosecute. Surely Oregon did not intend to produce such a "judicial chasm" when it ceded jurisdiction, and its order of cession should not be so inter-

* Honorable Albert Lee Stephens, Jr., Chief Judge Emeritus, United States District Court for the Central District of California, sitting by designation.

preted. *See Pickett v. United States,* 216 U.S. 456, 460–61, 30 S.Ct. 265, 267–68, 54 L.Ed. 566 (1910). We interpret the order as retaining Oregon's jurisdiction to prosecute any crimes occurring on the reservation up to the date of acceptance, even if prosecution is not completed until after that date.[1]

## II.

The district court properly rejected appellant's various arguments that prosecution of appellant in federal court on the possession charge was barred because appellant had been convicted in tribal court of offenses arising out of the same incident.

■ Appellant argues that federal court prosecution is barred by 18 U.S.C. § 1152 (1982),[2] which extends to Indian country federal law "as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States" *except* as to "any Indian committing any offense in the Indian country who has been punished by the local law of the tribe." This section, however, applies only to "federal enclave law"—law in which the situs of the offense is an element of the crime. *Acunia v. United States,* 404 F.2d 140, 141 n. 1 (9th Cir.1968). Situs is not an element of the offense under 18 U.S.C. app. § 1202(a).

■ Moreover, appellant presented no evidence he had been "punished by the local law of the tribe" for the offense of being an ex-felon possessing a gun. The arresting officer testified only that appellant "was convicted for driving under the influence, failure to display a license, going the wrong way and stopping on the roadway," and that he "pled guilty to all charges at his arraignment".

■ Nor does appellant have a double jeopardy claim. Even if he had been prosecuted in tribal court for possession of a firearm, the "tribal and federal prosecutions are brought by separate sovereigns [and] are not 'for the same offense,' and the Double Jeopardy Clause thus does not bar one when the other has occurred." *United States v. Wheeler,* 435 U.S. 313, 329–30, 98 S.Ct. 1079, 1089, 55 L.Ed.2d 303 (1978); *see also Abbate v. United States,* 359 U.S. 187, 194–95, 79 S.Ct. 666, 670–71, 3 L.Ed.2d 729 (1959).

■ Appellant raises an equal protection claim, arguing that if he had been a non-Indian he would have been tried in Oregon courts subject to the Oregon rule that all offenses known to the authorities that arise out of the same criminal episode must be prosecuted together. *State v. Knowles,* 289 Or. 813, 821, 618 P.2d 1245, 1249 (1980); *State v. Grant,* 66 Or.App. 906, 908–09, 675 P.2d 1120, 1121 (1984). An indistinguishable claim was rejected in *United States v. Antelope,* 430 U.S. 641, 645–49, 97 S.Ct. 1395, 1398–1400, 51 L.Ed.2d 701 (1977).

## III.

Appellant moved to suppress statements made by appellant to the police officer following his arrest but before he was advised

1. The Executive Order issued by Oregon's governor states:

  ... I hereby offer to the United States for its acceptance ... all criminal jurisdiction conferred on the State of Oregon by section 1162, Title 18, United States Code, over the Umatilla Indian Reservation, as such reservation is constituted on the effective date of this executive order....

  The transfer of jurisdiction offered by this order shall become effective upon acceptance....

  Or.Exec. Order No. EO–80–8 (May 13, 1980).

2. 18 U.S.C. § 1152 provides:

  Except as otherwise expressly provided by law, the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States, except the District of Columbia, shall extend to the Indian country.

  This section shall not extend to offenses committed by one Indian against the person or property of another Indian, nor to any Indian committing any offense in the Indian country who has been punished by the local law of the tribe, or to any case where, by treaty stipulations, the exclusive jurisdiction over such offenses is or may be secured to the Indian tribes respectively.

of his constitutional rights. Appellant argues that these statements led the officer to conclude appellant was probably intoxicated, which in turn led to the search of defendant and his car and the seizure of the gun.

There is no evidence in the record that the officer arrested appellant for drunken driving because of what appellant said. On the contrary, the officer testified that he based the arrest upon the odor of alcohol on appellant's breath and appellant's relaxed facial muscles. The officer also mentioned appellant's "slurred speech" at one point in his testimony, but the constitutional protection against self-incrimination applies to the content of speech, not the sound of one's voice. *See Gilbert v. California*, 388 U.S. 263, 266–67, 87 S.Ct. 1951, 1953–54, 18 L.Ed.2d 1178 (1967).

Although appellant makes a passing suggestion that the tribal officer may not have been authorized to make an arrest for the offense charged, the evidence was that tribal law incorporated Oregon law on this point and Oregon law permits the warrantless arrest of a person "if the officer has probable cause to believe that the person has committed ... a major traffic offense" such as driving under the influence of intoxicants. Or.Rev.Stat. §§ 133.310(1)(a); 484.010(5)(b) (1983); *see also* Or.Rev.Stat. §§ 484.100, 487.530(2) (1983).

Appellant contends the warrantless search that disclosed the gun concealed between the front seats of the car was invalid under state law. This circuit has not yet decided whether federal or state law governs the validity of a search to determine the admissibility of evidence in a federal court. *See, e.g., United States v. Alexander*, 761 F.2d 1294, 1298 (9th Cir. 1985); *United States v. Wheeler*, 641 F.2d 1321, 1322 n. 1 (9th Cir.1981). We do not resolve that general question here. Oregon no longer exercised criminal jurisdiction over the reservation at the time of the offense. The Confederated Tribes of the Umatilla Reservation governed the reservation. The Indian Civil Rights Act, 25 U.S.C. § 1302(2) (1982), provides: "No Indian tribe in exercising powers of self-government shall ... violate the right of the people to be secure in their persons, houses, papers, and effects against unreasonable search and seizures...." The limitations imposed by this section are identical to those imposed by the fourth amendment to the federal constitution. *United States v. Manuel*, 706 F.2d 908, 911 n. 3 (9th Cir.1983). Appellant has not argued that the search violated federal law. Having made a valid arrest, the tribal officer could search the entire passenger compartment of the car incident to that arrest. *New York v. Belton*, 453 U.S. 454, 460–61, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981). There is no evidence that Umatilla tribal law imposed stricter standards upon its officers.

AFFIRMED.