21 F.3d 1117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Ezquiel GARCIA, Defendant-Appellant.
 No. 93-10404.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 17, 1994.
Decided April 1, 1994.
 
 Before: POOLE, CANBY and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert Ezquiel Garcia was convicted of two counts of abusive sexual conduct in violation of 18 U.S.C. Secs. 2244(a)(1), 2245(3), and 1152. Garcia now challenges his conviction, asserting, first, that the government failed to prove that the district court had subject matter jurisdiction over the crimes, second, that the district court erred in failing to instruct the jury that it must find the jurisdictional facts as an element of the crime, and, third, that the district court consequently erred in denying Garcia's motion for a directed verdict on the issue. Finally, Garcia contends that the district court erred in failing to give a jury instruction on voluntary intoxication. We affirm.
 
 BACKGROUND
 
 3
 The parties do not dispute the evidence on appeal. Garcia was a house guest of the victim's family during Memorial Day weekend of 1990. He spent Sunday evening with the family at a barbecue and, at some point, left the barbecue and went to a bar with a friend. Garcia returned late that night and entered the children's bedroom where he engaged in sexual contact with the victim, an eight-year-old girl. Garcia was charged with knowingly engaging in sexual conduct with a child under the age of twelve, "in the special maritime and territorial jurisdiction of the United States." 18 U.S.C. Secs. 2241(c), 2244(a)(1) and 2245(3).
 
 
 4
 The government alleged in the indictment that the crime occurred in Indian country. The victim's mother and stepfather testified at trial that the apartment where the incident occurred was located in the town of Parker, on the Colorado River Indian Reservation. Garcia presented no evidence on the issue of location; his defense consisted largely of the testimony of two character witnesses. At the close of the evidence, the district judge failed to instruct the jury that it should determine the location of the crime, and whether the crime occurred on an Indian reservation or in Indian country. Garcia did not ask for such an instruction, nor did he object to the instructions given.
 
 
 5
 During trial, each of the witnesses for the prosecution testified that Garcia had been drinking alcohol on the night of the incident. Two of them indicated that they thought he had been drunk. Nevertheless, Garcia failed to present any evidence concerning his intoxication and he failed to ask the court to instruct the jury on the defense of involuntary intoxication. Following a jury trial, Garcia was convicted and sentenced to a 40 month prison term, followed by 36 months of supervised release. He was fined $1,000.
 
 
 6
 Garcia challenges the sufficiency of the government's evidence that the crime occurred in Indian country. He alleges, first, that the evidence was insufficient to vest the court with subject matter jurisdiction, second, that it was likewise insufficient for the prosecution to survive a motion for a directed verdict and, third, that the court erred in failing to instruct the jury that it could convict only if it found that the crime occurred in Indian country. Garcia makes like claims for the government's failure to present sufficient evidence that the crime occurred "in the special maritime and territorial jurisdiction of the United States." Finally, Garcia claims that the district court committed plain error in failing to instruct the jury on voluntary intoxication, a defense to specific intent crimes, such as abusive sexual conduct.
 
 DISCUSSION
 
 7
 I. Sufficiency of the Evidence.
 
 
 8
 Garcia contends that there was insufficient evidence that the offenses occurred either in Indian country or within "the special maritime and territorial jurisdiction of the United States." Consequently, he argues that the district court lacked subject matter jurisdiction.
 
 
 9
 Garcia was charged under the federal enclave laws for abusive sexual conduct under 18 U.S.C. Secs. 2244(a)(1), 2245(3). Congress has applied these laws to "Indian country." 18 U.S.C. Sec. 1152. Under 18 U.S.C. Sec. 1151, "Indian country" includes all land within the limits of any Indian reservation. Thus, as a matter of law, an offense is within the "special maritime or territorial jurisdiction of the United States" if it violates one of the federal enclave laws and it occurred on an Indian reservation. 18 U.S.C. Sec. 1152.
 
 
 10
 Clear and uncontroverted testimony established that Garcia committed the offenses on the Colorado River Indian Reservation. Don Jones, the victim's stepfather, gave the following testimony at trial:
 
 
 11
 Assistant U.S. Attorney SIMON: I'd like to call your attention back to the 27th day of May, 1990, a Sunday during Memorial Day weekend, and ask you where you resided on that date?
 
 
 12
 DON JONES: At 200 Kofa, Parker, Arizona.
 
 
 13
 AUSA SIMON: And is that within the confines of the Colorado River Indian Reservation and within the District of Arizona?
 
 
 14
 DON JONES: Yes, it is.
 
 
 15
 Melody Jones, the victim's mother, testified similarly:
 
 
 16
 AUSA SIMON: I'd like to call your attention back to the 27th of May of 1990 and ask you where you lived, where you resided on or about that date?
 
 
 17
 MELODY JONES: I lived in 200 Kofa, Apartment No. 5, in Parker, Arizona. It's on--
 
 
 18
 AUSA SIMON: Is that area within the confines of the Colorado River Indian Reservation?
 
 
 19
 MELODY JONES: It's on the Reservation, yes, it is.
 
 
 20
 The defense offered no evidence to contradict this testimony.[1] Consequently, this evidence establishes that the offenses occurred in "Indian country" as that term is defined in 18 U.S.C. Sec. 1151 and within the "special maritime or territorial jurisdiction of the United States." 18 U.S.C. Sec. 1152.
 
 II. Jury Instructions
 
 21
 Garcia alleges that the district court erred in failing to instruct the jury on all the elements of the crime, specifically that it must find that the offenses occurred within Indian country and within the "special maritime and territorial jurisdiction of the United States." Furthermore, he alleges that the district court erred in failing to instruct the jury on the defense of involuntary toxication.
 
 
 22
 A. "Indian Country" or "Special Maritime or Territorial Jurisdiction of the United States."
 
 
 23
 The statute defining the crime of abusive sexual conduct provides in summary that: Whoever, in the special maritime and territorial jurisdiction of the United States, knowingly engages in or causes sexual contact with another person who has not attained the age of 12 years, shall be criminally liable. See 18 U.S.C. Secs. 2244(a)(1) and 2241(c). Under the federal enclave laws, the situs of the crime is an element of the offense. See, e.g., United States v. Strong, 778 F.2d 1393, 1396 (9th Cir.1985). Thus, it is the government's burden to prove beyond a reasonable doubt that the crime occurred within the special maritime or territorial jurisdiction of the United States.[2]
 
 
 24
 A defendant is normally entitled to have the jury instructed on each element of an offense. United States v. Warren, 984 F.2d 325, 327 (9th Cir.1993). Thus, the court should have instructed the jury that it had to find that the offense occurred on an Indian reservation. However, in this case, Garcia failed to object to the jury instructions that were given. And, although the failure to charge the jury on a necessary element of an offense generally is plain error, we will not reverse a conviction if an error was harmless. Id. Where the omitted element is undisputed, as it was here, its omission could not possibly have been prejudicial. Id. See also United States v. Rubio-Villareal, 967 F.2d 294, 296 n. 3 (9th Cir.1992) (an error in criminal jury instructions requires reversal unless there is no reasonable possibility that the error materially affected the verdict).
 
 
 25
 Garcia presented no evidence to contradict the clear and unequivocal testimony of Don and Melody Jones that the apartment where the offense occurred was located on the Reservation.[3] Accordingly, the evidence was sufficient to prove that the crimes occurred on the Colorado River Indian Reservation because no rational finder of fact could have found otherwise on the basis of the evidence. Consequently, the district court's failure to instruct the jury on this undisputed element was harmless.[4]
 
 B. Voluntary Intoxication Defense
 
 26
 Garcia argues, in addition, that the district court erred in failing to instruct the jury regarding the defense of voluntary intoxication. A criminal defendant is entitled to a jury instruction on any theory that provides a legal defense to the charge against him and that has some foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility. United States v. Streit, 962 F.2d 894, 899 (9th Cir.1992). Where a defendant's requested instruction is supported by some evidence, a trial court's failure to give it is reversible error. United States v. Sotelo-Murillo, 887 F.2d 176, 178-79 (9th Cir.1989). Garcia failed to request an instruction on voluntary intoxication. We may, therefore, reverse only if the failure to give the instruction amounted to plain error. United States v. Garza-Juarez, 992 F.2d 896, 910 (9th Cir.1993).
 
 
 27
 The first part of the plain error inquiry is whether an error occurred. United States v. Olano, 113 S.Ct. 1770, 1776-79 (1993). As we noted in United States v. Sneezer, 900 F.2d 177, 178-79 (9th Cir.1990),
 
 
 28
 [A]busive sexual contact requires proof of "sexual contact, defined as 'the intentional touching, either directly or through the clothing of the genitalia, anus, groin, breast, inner thigh, or buttock of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.' " 18 U.S.C. Sec. 2245(3) (emphasis added); 18 U.S.C. Sec. 2244. Thus, abusive sexual contact requires a specific intent.... Voluntary intoxication may be a defense to a specific intent crime.
 
 
 29
 Although voluntary intoxication can constitute a defense to the crime of abusive sexual conduct, Garcia is entitled to an instruction on the defense of voluntary intoxication only if there is "some foundation" in the evidence for the instruction. See United States v. Yarbrough, 852 F.2d 1522, 1541 (9th Cir.), cert. denied, 488 U.S. 866 (1988). The defendant must present evidence: (1) that he was intoxicated, and (2) that his intoxication precluded him from forming the specific intent necessary to commit the crime. United States v. Washington, 819 F.2d 221, 225 (9th Cir.1987).
 
 
 30
 The victim testified that Garcia had been drinking margaritas earlier in the evening, during the barbecue. (TR 104). She also testified that Garcia smelled like beer later that night during the commission of the offense. (TR 97-98). The victim's stepfather testified that Garcia went to a bar with a friend after the barbecue. He also testified that, after the incident, he told Garcia that "just because he was drinking alcohol is no excuse for what he did." (TR 152). The victim's stepfather also testified that Garcia had consumed alcohol at the victim's home on previous occasions. Finally, the victim's mother testified that she believed Garcia had been drinking. (TR 137-38). In short, the prosecution witnesses established that Garcia had been drinking.
 
 
 31
 Although the evidence of intoxication is sketchy, it may be "some evidence" that Garcia was intoxicated, meeting the first foundational requirement of the voluntary intoxication defense. However, Garcia presented no expert testimony or any other evidence that his intoxication precluded him from forming the specific intent necessary to commit the crime of abusive sexual conduct.[5] And, on this score, the government failed to present that evidence for him. Because Garcia failed to present a sufficient foundation for a voluntary intoxication instruction, the failure to give the instruction certainly does not amount to plain error.
 
 CONCLUSION
 For all these reasons, the convictions are
 
 32
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 In fact, Garcia presents no argument that the premises were in fact outside the reservation; he argues only that the showing that they were within the reservation was insufficient
 
 
 [2]
 As a practical matter, the government need only convince the jury that the offense occurred on an Indian reservation. Once this is established, it follows as a matter of law that the crime occurred in Indian country, 8 U.S.C. Sec. 1151, and that it occurred within the special maritime or territorial jurisdiction of the United States, 8 U.S.C. Sec. 1152
 
 
 [3]
 This fact distinguishes the case before us from United States v. Gaudin, 997 F.2d 1267 (9th Cir.1993). In that case, the panel ruled that a failure to submit a contested element of the crime to the jury was not harmless. In this case, however, the element was undisputed, so 9Warren applies
 
 
 [4]
 The evidence was likewise sufficient to defeat Garcia's motion for a directed verdict of acquittal. The district court did not err in dismissing that motion
 
 
 [5]
 Indeed, the theory of Garcia's defense appears to have been that the sexual contact never occurred