66 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Buck KITCHEYAN, Defendant-Appellant.
 No. 94-10576.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 10, 1995.
Decided Sept. 8, 1995.
 
 1
 Before: HALL, WIGGINS, LEAVY, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 OVERVIEW
 
 3
 Buck Kitcheyan was Chairman of the San Carlos Apache Indian tribe from 1974 to 1978 and again from 1986 to 1991, when he was fired by the tribal council. Shortly thereafter, the San Carlos Apache Tribal Court convicted Kitcheyan of seven counts of theft and seven counts of embezzlement from a tribal organization. He was sentenced to six months in tribal jail for each theft count and two months for each embezzlement count. The sentences were suspended on the condition that Kitcheyan serve equal time on probation, and restitution was ordered.
 
 
 4
 Based upon those same crimes, a federal grand jury charged Kitcheyan with one count of conspiracy, in violation of 18 U.S.C. Sec. 371, and eight counts of embezzlement and theft from an Indian organization, in violation of 18 U.S.C. Sec. 1163. Kitcheyan moved to dismiss, arguing that the district court lacked subject matter jurisdiction. The district court, following a hearing, denied Kitcheyan's motion without explanation. Reserving his right to appeal the denial of his motion to dismiss, Kitcheyan subsequently pled guilty to counts 2, 6, and 7 of the indictment, which each alleged a violation of 18 U.S.C. Sec. 1163. He was sentenced to six months in prison, 36 months of supervised release, and restitution payments of $18,559.50. Kitcheyan appeals the district court ruling denying his motion to dismiss the indictment for lack of subject matter jurisdiction. We AFFIRM.
 
 DISCUSSION
 A. Standard of Review
 
 5
 We review de novo the district court's assumption of jurisdiction. United States v. Vasquez-Velasco, 15 F.3d 833, 838-39 (9th Cir.1994).
 
 B. Merits
 
 6
 Kitcheyan argues that 18 U.S.C. Sec. 1152, the Federal Enclave Act, deprived the district court of jurisdiction because he perpetrated his offenses against the property of another Indian, the crimes took place in Indian country, and he was punished under local tribal law. Section 1152 states:
 
 
 7
 Except as otherwise expressly provided by law, the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States, except the District of Columbia, shall extend to Indian country.
 
 
 8
 This section shall not extend to offenses committed by one Indian against the person or property of another Indian, nor to any Indian committing any offense in the Indian country who has been punished by the local law of the tribe, or to any case where, by treaty stipulations, the exclusive jurisdiction over such offenses is or may be secured to the Indian tribes respectively.
 
 
 9
 18 U.S.C. Sec. 1152 (emphasis added). Section 1153, the Major Crimes Act, partially abrogates Sec. 1152's jurisdictional ban, extending federal jurisdiction to thirteen enumerated crimes. Kitcheyan argues that conspiracy and embezzlement are not among the crimes listed in Sec. 1153, and that Sec. 1152's jurisdictional ban therefore applies, depriving the district court of subject matter jurisdiction. We disagree.
 
 
 10
 Kitcheyan's claim must fail in light of this court's recent decision in United States v. Begay, 42 F.3d 486 (9th Cir.1994). In Begay, this court held that "Ninth Circuit law clearly allows Indians to be charged under federal criminal statutes of nationwide applicability if the charge is not otherwise affected by federal enclave law (e.g. the Major Crimes Act, Sec. 1153), or if Indians have not been particularly excluded, either expressly or impliedly, from the statutes' application." 42 F.3d at 500 (emphasis added).[2]
 
 
 11
 Both 18 U.S.C. Sec. 371 and 18 U.S.C. Sec. 1163, the crimes for which Kitcheyan was indicted, are federal criminal statutes of nationwide applicability. Section 1163 makes embezzlement from an Indian tribal organization criminal, regardless of where it is committed. Therefore it is not an enclave law because the situs of the offense is not an element of the crime. See Begay, 42 F.3d at 499; United States v. McGrady, 508 F.2d 13, 15-16 (8th Cir.1974), cert. denied, 420 U.S. 979 (1975). Section 371, meanwhile, was specifically held in Begay to be a federal criminal statute of nationwide applicability: "[T]he federal conspiracy statute is not affected by federal enclave law, nor does [the federal conspiracy statute] exempt Indians from its application." Begay, 42 F.3d at 500. Because both Sec. 371 and Sec. 1163 are federal criminal statutes of nationwide applicability, as opposed to enclave laws, they are unaffected by Secs. 1152 and 1153.
 
 
 12
 Moreover, Begay not only gave the general instruction that laws of general nationwide applicability are not preempted by Sec. 1152's ban, but also specifically repudiated the precise argument that Kitcheyan makes in this case. Kitcheyan, seemingly ignoring the "nationwide applicability" language, instead attempts to read Begay as having relied on the fact that the crimes underlying the conspiracy in that case were listed in Sec. 1153, and for that reason were not subject to Sec. 1152's bar. The Begay opinion specifically precludes this reading of that case:
 
 
 13
 Our reading of Secs. 1152 and 1153 leads us to reject Appellants' contention that Indians may not be charged for any criminal conduct beyond those crimes enumerated in Sec. 1153. As we indicated in United States v. Top Sky, Sec. 1153, the Major Crimes Act, deals only with the application of federal enclave law to Indians and has no bearing on federal laws of nationwide applicability that make actions criminal wherever committed. 547 F.2d 483, 484 (9th Cir.1976) (Bald Eagle Protection Act, a law of general applicability throughout the United States, applies to Indians even though conduct the Act proscribes is not an enumerated offense under Sec. 1153)....
 
 
 14
 Similarly, Sec. 1152 relates "only to federal enclave law--law in which the situs of the offense is an element of the crime." Strong, 778 F.2d at 1396. Section 1152 does not apply to violations of laws of nationwide applicability that constitute federal crimes regardless of where committed. Acunia v. United States, 404 F.2d 140, 141 n. 1 (9th Cir.1968).
 
 
 15
 Begay, 42 F.3d at 498-99 (additional citations omitted).
 
 
 16
 We reject Kitcheyan's argument and follow the above-quoted language from Begay: "[Section] 1153, the Major Crimes Act, deals only with the application of federal enclave law to Indians and has no bearing on federal laws of nationwide applicability that make actions criminal wherever committed." 42 F.3d at 498 (emphasis added) (citing Top Sky, 547 F.2d at 484).
 
 CONCLUSION
 
 17
 In light of Begay, we affirm the district court's denial of Kitcheyan's motion to dismiss for lack of subject matter jurisdiction.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [2]
 Enclave laws are laws where the situs of the offense is an element of the crime. United States v. Strong, 778 F.2d 1393, 1396 (9th Cir.1985)