NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-30239 |
| Plaintiff-Appellee, | D.C. No. 3:13-po-00211-EJL-1 |
| v. | |
| ROBERT WESLEY WARDEN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted May 9, 2018[**]
Seattle, Washington

Before:  GOULD and IKUTA, Circuit Judges, and TUNHEIM,[***] Chief District
Judge.

Robert Warden, an enrolled member of the Nez Perce Indian Tribe (the

"Tribe"), appeals his convictions for assault.  We have jurisdiction under 28 U.S.C.

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable John R. Tunheim, Chief United States District Judge
for the District of Minnesota, sitting by designation.

§ 1291, and we affirm.

1.      Warden argues that the magistrate judge lacked jurisdiction under 18 U.S.C. § 1152.  "Crimes [committed in Indian country] in which the perpetrator, but not the victim, is Indian are subject to . . . federal jurisdiction under § 1152 . . . except where the tribe has already imposed punishment."  *United States v. Bruce*, 394 F.3d 1215, 1221 (9th Cir. 2005).  Neither Kamiah Deputy Marshal Matt Taylor nor the Nez Perce Tribal Officers whom Warden assaulted are members of the Tribe.  And Warden has presented no evidence that he was punished because he was detained by the Tribe pending trial, when the Tribe ultimately decided to dismiss the charges against Warden and release him.  *See United States v. Strong*, 778 F.2d 1393, 1396 (9th Cir. 1985); *see also Bell v. Wolfish*, 441 U.S. 520, 537 (1979) ("Not every disability imposed during pretrial detention amounts to 'punishment'" and "the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'").  The magistrate judge had jurisdiction under § 1152.

2.      We disagree with Warden that he was resisting an unlawful arrest when he assaulted Deputy Taylor.  Deputy Taylor was not attempting to arrest Warden, and instead the physical altercation between the two came about only

2

because Deputy Taylor was attempting to protect Pennie Moffett and her daughters. Deputy Taylor was entitled to act to protect Moffett, who was the wife whom Warden had allegedly battered earlier that night, from the present threat of danger Warden posed. *See United States v. Lemon*, 824 F.2d 763, 765 (9th Cir. 1987). We conclude that the magistrate judge correctly held that Warden's conduct in attempting to bite Deputy Taylor was not part of resisting an unlawful arrest.

**AFFIRMED.**