UNITED STATES of America, Plaintiff–Appellee,

v.

Michael J. BEAR, Defendant–Appellant.

No. 89–30200.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 1990.

Decided Sept. 26, 1990.

Robert L. Brower, Lewiston, Idaho, for defendant-appellant.

Joanne P. Rodriguez, Asst. U.S. Atty., Boise, Idaho, for plaintiff-appellee.

Before WALLACE, HALL and WIGGINS, Circuit Judges.

WALLACE, Circuit Judge:

Bear appeals his conviction for burglary pursuant to 18 U.S.C. § 1153. He contends that the district court erred by sentencing him under the federal Sentencing Guidelines (Guidelines) rather than under Idaho sentencing law. The district court possessed jurisdiction pursuant to 18 U.S.C. § 1153. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We vacate Bear's sentence and remand to the district court for resentencing under Idaho law.

I

On December 16, 1988, a federal grand jury indicted Bear, an Indian, for second degree burglary of a residence within the Nez Perce Indian Reservation. The indictment charged Bear with violating 18 U.S.C. § 1153 and Idaho Code §§ 18–1401 and 18–1402 (1987). On March 23, 1989, a jury convicted Bear and, pursuant to the Guidelines, the district court sentenced Bear to 40 months in custody and a three-year term of supervised release. The court calculated this sentence based upon section 2B2.1 of the Guidelines, which applies to burglary of a residence. *See* United States Sentencing Commission, *Guidelines Manual,* § 2B2.1 (1988).

II

We review the district court's application of the Guidelines de novo. *United States v. Restrepo,* 884 F.2d 1294, 1295 (9th Cir. 1989). We review the legality of a sentence de novo. *United States v. Pomazi,* 851 F.2d 244, 247 (9th Cir. 1988).

Bear's appeal raises an issue of first impression in our circuit: whether the Guidelines apply to an Indian convicted in federal court of burglary on an Indian res-ervation pursuant to 18 U.S.C. § 1153. Our analysis of this issue turns upon the construction of and interplay between two statutes: the Indian Major Crimes Act, 18 U.S.C. § 1153 and the Sentencing Reform Act of 1984, 18 U.S.C. § 3551. 18 U.S.C. § 1153 provides that

(a) Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, ... burglary ... shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

(b) Any offense referred to in subsection (a) of this section that is not defined and punished by Federal law in force within the exclusive jurisdiction of the United States shall be defined and punished in accordance with the laws of the State in which such offense was committed as are in force at the time of such offense.

18 U.S.C. § 3551 provides that

Except as otherwise specifically provided, a defendant who has been found guilty of an offense described in any Federal statute, other than an Act of Congress applicable exclusively in the District of Columbia or the Uniform Code of Military Justice, shall be sentenced in accordance with the provisions of this chapter.

III

" 'It is our obligation to so construe federal statutes so that they are consistent with each other, as by this means congressional intent can be given its fullest expression.' " *California v. Kleppe,* 604 F.2d 1187, 1194 (9th Cir.1979), *quoting Get Oil Out! Inc. v. Exxon Corp.,* 586 F.2d 726, 729 (9th Cir.1978); *see also Ruckelshaus v. Monsanto Co.,* 467 U.S. 986, 1018, 104 S.Ct. 2862, 2881, 81 L.Ed.2d 815 (1984) (where two statutes are " ' "capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective" ' "), *quoting Regional Rail Reorganization Act Cases,* 419 U.S. 102, 133–34, 95 S.Ct. 335, 353, 42 L.Ed.2d 320 (1974),

*quoting Morton v. Mancari,* 417 U.S. 535, 551, 94 S.Ct. 2474, 2483, 41 L.Ed.2d 290 (1974). Thus, if at all possible, we will construe 18 U.S.C. §§ 1153 and 3551 as being consistent with each other.

In urging us to affirm Bear's conviction, the government essentially argues that since section 3551 applies the Guidelines to "a defendant who has been found guilty of an offense described in any Federal statute," 18 U.S.C. § 3551, and since the term "burglary" is mentioned in 18 U.S.C. § 1153 (a federal statute), Bear was properly sentenced under the Guidelines. This argument requires us to engage in a careful examination of the relevant statutory provisions.

We begin our analysis by examining section 1153. Section 1153 is not itself a substantive penal statute. It does not purport to define or punish the substantive crimes, such as burglary, that it lists. Rather, section 1153 serves two distinct and limited purposes: it grants exclusive jurisdiction to federal courts for federal or state crimes committed by Indians in Indian country and it tells a district court where to turn in order to define and punish the criminal offenses over which the court has jurisdiction.

Section 1153(a) is the jurisdictional provision of the Indian Major Crimes Act. Subsection (a) lists a number of criminal offenses, including burglary, and requires that an Indian who commits one of these listed offenses in Indian country be subject to the same law and penalties as all other persons who commit the same offense. Section 1153(a) further states that all such offenses are subject to "the exclusive jurisdiction of the United States." Section 1153(a) does not, however, purport to define or punish burglary, or any of the other general criminal offenses that it lists. Nor does section 1153(a) purport to transform the offenses that it lists into substantive federal offenses. Indeed, section 1153(a) leaves unresolved the issue of what is meant by "burglary." It is to that issue that section 1153(b) speaks.

Section 1153(b) states that "[a]ny offense referred to in subsection (a) of this section that is not defined and punished by Federal law in force within the exclusive jurisdiction of the United States shall be defined and punished in accordance with the laws of the State in which such offense was committed." Since "burglary" is indisputably an "offense referred to in subsection (a)" of section 1153, the question we must answer is whether Bear's specific offense—burglary of a residence—is "defined and punished by Federal law in force within the exclusive jurisdiction of the United States." 18 U.S.C. § 1153(b). If it is not, the statute requires the district court to "define[ ] and punish[ ]" Bear's offense "in accordance with the laws of the State in which such offense was committed." *Id.*

Federal law defines and punishes certain types of burglary, such as burglary of a post office, 18 U.S.C. § 2115, burglary of a railway or steamboat post office, 18 U.S.C. § 2116, and burglaries involving controlled substances, 18 U.S.C. § 2118. Federal law does not, however, define and punish the type of burglary of which Bear was convicted—burglary of a private residence. Indeed, Chapter 103 of Title 18 of the United States Code, which contains the federal robbery and burglary statutes, does not list a crime even remotely resembling the traditional, state law criminal offense of burglary of a private residence. Consequently, since the type of burglary committed by Bear is "not defined and punished by Federal law in force within the exclusive jurisdiction of the United States," Bear's offense must "be defined and punished in accordance with the laws of the State in which such offense was committed." 18 U.S.C. § 1153(b).

The conjunction "and" as used in section 1153(b) requires the district court both to define *and* punish the offense pursuant to applicable state law. The use of this conjunction in the statute rules out the possibilities of a district court defining an offense under state law and then punishing it under federal law or somehow combining federal and state law in calculating the punishment. Thus, the conjunction "and" in section 1153(b) requires the district court

to look to state law both for the definition of an offense *and* for its punishment when that offense is not defined and punished under federal law. We conclude that the district court erred by failing to define *and* punish Bear's crime of burglary pursuant to Idaho state law.

Our interpretation of section 1153 is not a novel one in this circuit. We have consistently recognized that section 1153 requires courts to turn to state law for definition and punishment of the offenses listed in section 1153(a) which are not defined and punished by federal law. *See, e.g., United States v. Burnside,* 831 F.2d 868, 870 (9th Cir.1987) (looking to Arizona law for definition of sodomy because sodomy was not defined by federal statute), *cert. denied,* 486 U.S. 1013, 108 S.Ct. 1747, 100 L.Ed.2d 210 (1988); *United States v. Keith,* 754 F.2d 1388, 1390 (9th Cir.) (discussing a defendant's conviction for burglary pursuant to section 1153 *and* Arizona law), *cert. denied,* 474 U.S. 829, 106 S.Ct. 93, 88 L.Ed.2d 76 (1985); *United States v. Maloney,* 607 F.2d 222, 225 (9th Cir.1979) (*Maloney*) (in a section 1153 case, "one must initially turn to a specific federal statute which 'defines and punishes' [an offense listed in section 1153] or, if no federal law has been enacted covering the offense, to the laws of the state wherein the crime was committed"), *cert. denied,* 445 U.S. 918, 100 S.Ct. 1280, 63 L.Ed.2d 603 (1980).

## IV

The second part of our analysis requires us to reconcile our interpretation of section 1153 with the relevant provision of the Sentencing Reform Act, 18 U.S.C. § 3551. We conclude that this reconciliation can be accomplished and that section 1153 should be interpreted as consistent with section 3551.

■ Section 3551(a) states that "[e]xcept as otherwise specifically provided, a defendant who has been found guilty of an offense described in any Federal statute ... shall be sentenced in accordance with the provisions of this chapter...." 18 U.S.C. § 3551. It may be that the exceptions clause at the beginning of this statute was designed to except statutes such as 18 U.S.C. § 1153, which expressly provide for punishment under state rather than federal law for state-defined crimes. For purposes of this case, however, we need not attempt to discern the meaning of the exceptions clause of section 3551. We conclude that the main text of section 3551 clearly supports our conclusion that the Guidelines do not apply to state law criminal offenses committed pursuant to section 1153.

The main text of section 3551, which follows the prefatory exceptions clause, applies the Guidelines only to "a defendant who has been found guilty of an offense *described* in any Federal statute." *Id.* (emphasis added). As we discussed above, Bear's specific offense of residential burglary is not defined or "described" in any Federal statute. Indeed, we cannot find the specific crime of private residential burglary even *mentioned* in a federal statute. Since Bear's crime of residential burglary is not "described in any Federal statute," it was inappropriate for the district court to sentence him pursuant to section 3551.

■ The government argues that the offense of burglary for which Bear was convicted is "described" in a federal statute because burglary is one of the general offenses listed in section 1153. This argument is unpersuasive. The mere mention of an offense in a completely referential statute such as section 1153 does not "describe" that offense. As we discussed earlier, section 1153 is not a substantive penal statute; it does not purport to define or describe independent substantive crimes. Rather, section 1153 is a wholly referential statute: it directs the reader to either state or federal law, depending on the type of offense. One must therefore go through section 1153 to a substantive federal statute to find an offense "described." We thus do not adopt the government's strained semantic argument and instead conclude that the language of section 3551 does not require that Bear be sentenced under the Guidelines.

The government further argues that our reasoning here should be governed by

cases applying the Guidelines to offenses committed pursuant to the Assimilated Crimes Act, 18 U.S.C. § 13. The Tenth Circuit recently applied the Guidelines to an assimilated offense in *United States v. Garcia*, 893 F.2d 250 (10th Cir.1989), *cert. denied*, ── U.S. ──, 110 S.Ct. 1792, 108 L.Ed.2d 793 (1990). The court examined the language of 18 U.S.C. § 13, which provides that "the sentencing for assimilative crimes is to be determined in accordance with state law so that the defendant is 'subject to a like punishment.'" *Id.* at 254, *quoting* 18 U.S.C. § 13. The court decided that, based upon this "like punishment" language, an Assimilated Crimes Act defendant should be sentenced under the Guidelines, but only to terms that fall within the maximum and minimum sentences permitted under state law. *Id.* at 254. We do not pass upon the wisdom of the *Garcia* holding. It is based upon the "like punishment" language of the Assimilated Crimes Act which does not contain the precise mandate found in the Indian Major Crimes Act: that the court must define and punish a non-federally-defined criminal offense in accordance with state law. We conclude that since the statutory language discussing punishments in the Assimilated Crimes Act is markedly different from that found in 18 U.S.C. § 1153, the reasoning of the Tenth Circuit in *Garcia* should not govern our reasoning in this case.

We have read the Eighth Circuit's decision in *United States v. Norquay*, 905 F.2d 1157 (8th Cir.1990) (*Norquay*), in which the majority held that the Major Crimes Act requires only that the sentence imposed for burglary fall between the minimum and maximum sentence imposed by state law, if such a range exists. *Id.* at 1161. We choose not "to reduce the states' role in determining punishment to merely establishing minimum and maximum sentences." *Id.* at 1161 (Gibson, J., dissenting). If a court concludes, as we have, that the crime of residential burglary is not "an offense described in any Federal statute," then Bear must be punished in accordance with state law. 18 U.S.C. § 3551(a); *see* 18 U.S.C. § 1153(b); *Norquay*, 905 F.2d at 1164–65 (Gibson, J., dissenting) (showing

that Congress left burglary to be defined and punished by state law when it amended the Major Crimes Act two years after passage of the Sentencing Reform Act). If, however, a crime *is* described in a federal statute, then federal law governs the punishment decision. *See* 18 U.S.C. § 3551(a). The Sentencing Reform Act does not, however, contemplate a potpourri of both federal and state sentencing laws.

The Guidelines were designed to promote uniformity among federal sentences. Our decision in this case, however, is predicated upon a different kind of concern for uniformity: intrastate uniformity in sentencing for Indians and non-Indians who commit the same state offenses. *See Maloney*, 607 F.2d at 227 ("[T]he purpose of Congress [in passing section 1153] was simply to punish Indians like other individuals under the same federal or territorial laws which govern the Indian country when they commit any of the enumerated offenses."). Holding that an Indian who commits a state law crime of burglary should be sentenced differently than a non-Indian who commits the same state law crime would clearly undermine the policy of uniformity Congress sought to promote in passing section 1153. Our decision upholds that policy.

We conclude that the district court erred in sentencing Bear pursuant to the Guidelines. We therefore vacate Bear's sentence and remand to the district court for resentencing under Idaho law.

VACATED AND REMANDED.

WIGGINS, Circuit Judge, concurring in the judgment:

I concur in the judgment of the court but not for the reasons given.

Bear was convicted of burglary in violation of the Indian Major Crimes Act, 18 U.S.C. § 1153 (1988). The Major Crimes Act makes burglary committed by an Indian within "Indian country" a federal crime. *See* 18 U.S.C. § 1153 (1988). Section 1153, however, does not set forth the elements of the crime of burglary. Instead, section 1153 adopts the otherwise applicable state

law, in this case, Idaho Code §§ 18–1401 and 18–1402 (1987). However, the issue remains as to which sentencing statute should govern Bear's sentence—Idaho law or the United States Sentencing Guidelines.

The Sentencing Reform Act, 18 U.S.C. § 3551, states that the Sentencing Guidelines apply:

> *Except as otherwise specifically provided*, [to] a defendant who has been found guilty of an offense *described* in any Federal statute ...

(emphasis added). The court concludes that the Guidelines do not apply to a violation of the Major Crimes Act because the Major Crimes Act does not set forth the elements of burglary but instead incorporates the statutory requirements of burglary as defined by otherwise applicable state law. The court goes on to state that section 1153 has failed to "describe" burglary within the meaning of section 3551.

I am not surprised that the opinion cites no authority for this proposition. Simply because a statute which makes burglary a federal offense when committed in Indian country incorporates the specific elements of burglary from another source does not mean that statute fails to "describe" burglary. I believe that the federal statute does in fact describe the crime of burglary, but does so by borrowing the law of Idaho.

Despite my disagreement with the court's interpretation of "describe" in section 3551, I agree that the Guidelines do not apply to the sentencing of defendants convicted under the Major Crimes Act. Section 3551 explicitly states that the Guidelines do not apply where "otherwise specifically provided." Section 1153(b) specifically provides that the crime of burglary be "defined *and punished* in accordance with the laws of the State in which such offense was committed...." Thus, according to the Sentencing Reform Act, the Guidelines do not apply to section 1153. This reasoning upholds the policy of uniformly sentencing Indians and non-Indians who commit the same state offenses on

grounds which support, rather than contradict, the plain meaning of section 3551.