**UNITED STATES of America,
Plaintiff,**

**v.**

**Lawrence E. TYNDALL, Defendant.**

**Crim. No. 75–0–83.**

United States District Court,
D. Nebraska.

Sept. 30, 1975.

Michael L. Schleich, Asst. U. S. Atty., for plaintiff.

William K. Schaphorst, Omaha, Neb., for defendant.

## MEMORANDUM

DENNEY, District Judge.

This matter comes before the Court upon the motion of defendant to dismiss the indictment for failure to charge a federal crime. The defendant is charged by indictment with the following crime:

That on or about July 26, 1975, in the District of Nebraska, on and with-

in the Omaha Indian Reservation and within the Indian Country, Lawrence E. Tyndall, an Indian, did assault with intent to inflict great bodily injury, Mary Mitchell, an Indian, by means and use of a hammer.

In violation of Title 18, United States Code, Section 1153, and Nebraska Revised Reissue Statutes of 1943, 28–413.

Title 18, United States Code, Section 1153, known as the Major Crimes Act, brings thirteen enumerated crimes committed by Indians upon Indians or non-Indians on Indian reservations within the jurisdiction of the federal courts:

§ 1153. Offenses committed within Indian country

Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, rape, carnal knowledge of any female, not his wife, who has not attained the age of sixteen years, assault with intent to commit rape, incest, assault with intent to kill, assault with a dangerous weapon, assault resulting in serious bodily injury, arson, burglary, robbery, and larceny within the Indian country, shall be subject to the same laws and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

As used in this section, the offenses of rape and assault with intent to commit rape shall be defined in accordance with the laws of the State in which the offense was committed, and any Indian who commits the offenses of rape or assault with intent to commit rape upon any female Indian within the Indian country shall be imprisoned at the discretion of the court.

As used in this section, the offenses of burglary, assault with a dangerous weapon, assault resulting in serious bodily injury, and incest shall be defined and punished in accordance with the laws of the State in which such offense was committed.

The crimes of assault explicitly enumerated under Section 1153 are assault with intent to commit rape, assault with intent to kill, assault with a dangerous weapon, and assault resulting in serious bodily injury. The defendant is not charged with an assault specified in the Major Crimes Act, but instead with assault with intent to inflict great bodily injury, Neb.Rev.Stat. § 28–413 (Supp. 1974), apparently because the Major Crimes Act provides that "assault resulting in serious bodily injury" is to be "defined and punished in accordance with the laws of the State in which such offense was committed" and Nebraska has no statute identically matching the offense described in the Major Crimes Act.

Defendant's contention that the indictment is defective for the reason that it does not charge a crime against the United States presents two questions:

(1) Whether assault with intent to inflict great bodily injury is a crime under the Major Crimes Act.

(2) Whether (if assault with intent to inflict great bodily injury is not a crime under the Major Crimes Act), an indictment which charges assault with the intent to inflict grave bodily injury in violation of 18 U.S.C. § 1153 and Neb.Rev. Stat. § 28–413 (Supp.1974) is a sufficient indictment.

(1) WHETHER ASSAULT WITH INTENT TO INFLICT GREAT BODILY INJURY IS A CRIME UNDER THE MAJOR CRIMES ACT

The Major Crimes Act, enacted in 1885, brought under federal jurisdiction the offenses of murder, manslaughter, rape, assault with intent to kill, arson, burglary and larceny, committed by In-

dians on Indian reservations.[1] Assault with a dangerous weapon was added by the Act March 4, 1909.[2] Robbery and incest were added by the Act June 28, 1932.[3] Assault with intent to commit rape and carnal knowledge of any female, not one's wife, under the age of sixteen years were added by an amendment on November 2, 1966.[4] The 1966 amendment also provided that the offenses of rape and assault with intent to rape would be defined in accordance with the laws of the State in which the offense was committed, and that the offenses of burglary, assault with a dangerous weapon, and incest would be defined and punished in accordance with the laws of the State wherein the offense was committed. Assault resulting in serious bodily injury was added in 1968.[5]

Congressman Budd in 1884 explained the purpose for a list of selected crimes when a broader proposal was under consideration:

> The Indian is not up to the standard of Anglo-American civilization. There are many little offenses which in civilization amount to crimes that are committed by Indians by long habit and by toleration among themselves. It was deemed that if this provision should pass as it is the Indian would very often be arrested for petty offenses, taken very far away from his reservation and subjected to great hardship, and it would be seized upon by unscrupulous officers as a means of accumulating fees against the Government. 15 Cong.Rec. 5802 (1884).

Furthermore, the 1885 bill listed the crime of aggravated assault and battery. Congressman Ellis urged that this be struck from the bill and Congressman Cutcheon, who introduced the original bill, agreed:

> We already have among the Indians the court of Indian offenses for the punishment of trivial violations of the law. That court can take care of cases of assault and battery. 16 Cong.Rec. 934 (1885).

As Chief Judge Urbom stated in *United States v. Gilbert*, 378 F.Supp. 82 (W.D.S.D.1974), "the general thrust of the legislative history (indicates) that only the crimes specified in the section were to be punished under it." *Id.* at 94.

The United States Supreme Court announced a general rule of criminal statutory construction in *Todd v. United States*, 158 U.S. 278, 15 S.Ct. 889, 39 L.Ed. 982 (1895):

> It is axiomatic that statutes creating and defining crime cannot be extended by intendment, and that no act, however wrongful, can be punished under such a statute unless clearly within its terms. There can be no constructive offenses, and, before a man can be punished, his case must be plainly and unmistakably within the statute. *Id.* at 282, 15 S.Ct. at 890.

The Eighth Circuit applied this principle of strict construction to Section 1153 in *United States v. Davis*, 429 F.2d 552 (8th Cir. 1970), and *Kills Crow v. United States*, 451 F.2d 323 (8th Cir. 1971). *See also United States v. Rider*, 282 F.2d 476 (9th Cir. 1960); *United States v. Red Wolf*, 172 F.Supp. 168 (D.Mont. 1959); *Petition of McCord*, 151 F.Supp. 132 (D.Alas.1957). This principle of strict construction was not abrogated in its application to Section 1153 by the United States Supreme Court's decision in *Keeble v. United States*, 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1972) entitling an Indian prosecuted under the Act to a jury instruction on lesser included offenses if the facts warrant. The Court stated:

> Finally, we emphasize that our decision today neither expands the reach of the Major Crimes Act nor permits the Government to infringe the resi-

---

1. Act of March 3, 1885, 23 Stat. 385.

2. Ch. 14 § 328, 35 Stat. 1151.

3. Ch. 284, 47 Stat. 337.

4. Act of Nov. 2, 1966, 80 Stat. 1100.

5. Act of April 11, 1968, 82 Stat. 80.

dual jurisdiction of a tribe by bringing prosecutions in federal court that are not authorized by statute. *Id.* at 214, 93 S.Ct. at 1998.

■ The long-established policy of Congress has always been "that the relations of the Indians, among themselves —the conduct of one toward another— is to be controlled by the customs and laws of the tribe, save when Congress expressly or clearly directs otherwise." *United States v. Quiver,* 241 U.S. 602 at 605, 36 S.Ct. 699, at 700, 60 L.Ed. 1196 (1915).

■■ The Court concludes that the Act "must be strictly construed and cannot be extended by intendment to crimes not clearly within its terms. . . . Section 1153 requires more than a mere assault intended to cause serious injury; it requires an assault culminating in a serious injury." *United States v. Amalia,* 490 F.2d 1204 at 1207. (10th Cir. 1974).

(2) WHETHER AN INDICTMENT WHICH CHARGES ASSAULT WITH THE INTENT TO INFLICT GRAVE BODILY INJURY IN VIOLATION OF 18 U.S.C. § 1153 AND NEB.REV.STAT. § 28–413 (SUPP.1974) IS A SUFFICIENT INDICTMENT

The Government argues that even if the crime of assault with intent to inflict grave bodily injury is not a crime under the Major Crimes Act, the indictment charging defendant with assault with intent to inflict grave bodily injury under the Major Crimes Act does not deprive the Court of jurisdiction but rather puts an additional burden of proof on the Government; that is, the Government must prove both intent to inflict grave bodily injury and that grave bodily injury did result. The Government relies on the following footnote in *Keeble v. United States, supra,* for this proposition:

> Similarly, in view of our conclusion that the trial court erred in denying the requested instruction, we need not decide whether an apparent defect in the indictment—a defect to which petitioner did not object—provides an independent ground for reversal. The Major Crimes Act provides that an Indian may be tried in federal court for the offense of assault resulting in serious bodily injury. The statute further provides that this offense "shall be defined and punished in accordance with the laws of the State in which the offense was committed." Petitioner was not charged, however, with assault resulting in serious bodily injury but rather with assault with intent to commit serious bodily injury. See S.D.Comp. Laws Ann. § 22–28–12 (1967). South Dakota criminal code does not specifically proscribe the offense of assault resulting in a serious bodily injury. Whether the prosecution should have been required to prove not only that the petitioner *intended to commit* serious bodily injury but also that the assault *resulted in* serious bodily injury is a question we do not now decide. (Emphasis in text). 412 U.S. at 213–214, n. 13, 93 S.Ct. at 1998.

The Court does not consider *Keeble* dispositive of the jurisdictional defect presented in this case. The footnote was addressed to a motion which is made after trial when the liberal rules of variance are applicable. In addition, the question was not presented to the Supreme Court nor vigorously argued, and the Court refrained from deciding the "apparent defect."

■■ The indictment must be dismissed. To be legally sufficient an indictment must apprise an accused of the nature of the charge which he must meet and must plainly describe each element of the offense. *United States v. Debrow,* 346 U.S. 374, 376, 74 S.Ct. 113, 98 L.Ed. 92 (1953); *United States v. Behrman,* 258 U.S. 280, 42 S.Ct. 303, 66 L.Ed. 619 (1922); *Bryant v. United States,* 462 F.2d 433 (8th Cir. 1972). Here, an essen-

tial element of the offense has been omitted from the indictment.

 Although the question is not properly before the Court, the Court has serious reservations as to whether an indictment charging assault with intent to inflict great bodily injury resulting in serious bodily injury would charge a crime under Section 1153 and Neb.Rev. Stat. § 28–413 (Supp.1974). The Court is aware that several cases have been decided by the Eighth Circuit wherein the defendant was indicted under Section 1153 for assault with intent to commit grave bodily injury resulting in serious bodily injury. The Government points to the case of *Felicia v. United States*, 495 F.2d 353, *cert. denied*, 419 U.S. 849, 95 S.Ct. 88, 42 L.Ed.2d 79, (1975). Although the opinion indicated Felicia was indicted for assault with intent to inflict great bodily injury, Felicia was actually indicted for assault with intent to inflict great bodily injury resulting in serious bodily injury (Appellant's Brief at p. 2). The Eighth Circuit was not presented with the argument that assault resulting in serious bodily injury is not an offense defined by state law wherein the offense was committed (South Dakota). The controlling question would be the construction to be given the word "defined" in the Major Crimes Act. A criminal statute must be strictly construed, and although the result may be illogical in a case where state law does not define a crime under the Major Crimes Act, the language used by Congress is clear. The Courts should not rewrite criminal statutes. In enacting the Major Crimes Act, Congress has turned what should be a simple assault case into a virtual jurisdictional maze which invites constitutional challenges.[6]

An Order is filed contemporaneously herewith in accordance with this Memorandum Opinion.

---

6. The Court also has serious reservations as to whether the Major Crimes Act can withstand a "denial of equal protection as applied" attack in certain circumstances. It is possible for an Indian to be indicted under Section 1153 for an offense which would fall under Section 1152 if he were a non-Indian and be subjected to a far greater punishment by virtue of the reference to state statute because of his race. *See United States v. Cleveland*, 503 F.2d 1067 (9th Cir. 1974) ; *United States v. Boone*, 347 F.Supp. 1031 (D.N.Mex. 1972) ; Comment, *Indictment Under the Major Crimes Act—An Exercise in Unfairness and Unconstitutionality*, 10 Ariz.L.Rev. 691 (1968).