**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Sylvester BURNSIDE, Defendant-Appellant.**

**No. 87–1073.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 1987.

Decided Oct. 30, 1987.

---

Roger W. Dokken, Phoenix, Ariz., for plaintiff-appellee.

David Lee Titterington, Phoenix, Ariz., for defendant-appellant.

Before ALARCON and O'SCANNLAIN, Circuit Judges, and WILLIAMS,* District Judge.

DAVID W. WILLIAMS, District Judge:

Sylvester Burnside, an American Indian, pled guilty to a superseding information which charged involuntary sodomy, a violation of the Major Crimes Act, 18 U.S.C. Sec. 1153 and A.R.S. Secs. 13–1406 and 13–1401. The victim was an Indian minor who did not consent to the act. The offense occurred on the Navajo Indian Reservation in the State of Arizona. Burnside appeals the denial of his motion to dismiss upon the ground that the federal district Court lacked jurisdiction over the offense charged. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291.

This appeal is concerned solely with a question of law. As such, it is proper to conduct a de novo review of the lower court's decision. *U.S. v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc) *cert. denied* 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

Burnside claims that Arizona law Sec. 13–1401(3) does not entitle the crime as involuntary sodomy and therefore the crime is not proscribed by 18 U.S.C. Sec. 1153. It is the contention of the appellant that the Major Crimes Act does not provide a proper basis for a prosecution of sodomy since it permits the government to rely upon the state laws for sexual assault and dangerous crimes against children to define

---

* Honorable David W. Williams, United States District Judge, Central District of California, sitting by designation.

the offense and punishment for involuntary sodomy.

18 U.S.C. Sec. 1152 brings about a limitation of federal jurisdiction for crimes committed by one Indian against the person or property of another Indian on an Indian reservation. In pertinent part it provides:

This section shall not extend to offenses committed by one Indian against the person or property of another Indian, nor to any Indian committing any offense in the Indian country who has been punished by the local law of the tribe, or to any case where, by treaty stipulations, the exclusive jurisdiction over such offenses is or may be secured to the Indian tribes respectively.

■ The Major Crimes Act was enacted to permit the government to prosecute Indians for the commission of a limited number of specified criminal acts which might otherwise go unpunished under tribal law. *See Keeble v. United States,* 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973). Prior to 1984 the Act specifically listed certain crimes such as murder, kidnapping and rape, which could be prosecuted under federal jurisdiction and not in the tribal courts. In its original form it did not mention the offense of sodomy. In 1984 Sec. 1153 was amended to specifically proscribe the offense of involuntary sodomy. The amended Act then went on to say

(b) Any offense referred to in subsection (a) of this section that is not defined and punished by Federal law in force within the exclusive jurisdiction of the United States shall be *defined* and punished in accordance with the laws of the State in which such offense was committed as are in force at the time of such offense (emphasis added).

We therefore look to Arizona law for a definition of the offense. Arizona law in effect as of March, 1986, the time Burnside perpetrated the offense, makes no reference to the term "involuntary sodomy" as such. Rather, Sec. 13–1401 defines a list of unlawful sexual acts by a description of the conduct constituting each such act and places these offenses under the label of "sexual assault." A.R.S. Sec. 13–1406, provides, in relevant part

A. A person commits sexual assault by intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person without consent of such person.

B. —If the victim is under fifteen years of age, sexual assault is a class 2 felony and is punishable pursuant to Sec. 13–604.01.

■ Further, A.R.S. Sec. 13–1401(3) defines the term "sexual intercourse" as "penetration into the ... anus by any part of the body or by any object ..." Appellant contends that the state definition is not sufficient to describe the act perpetrated by him upon the minor and that there is therefore a lack of federal jurisdiction. We disagree. The appellant makes the argument that "without consent" is not synonymous with "involuntary" when referring to the act of sodomy and that therefore this court cannot properly look to Arizona law for a definition of the offense as we are required by Section 1153(b). We hold that for purposes of defining federal jurisdiction under these circumstances the terms are synonymous and that they gave the appellant appropriate notice of what was condemned by law. Burnside's conduct falls squarely within the description of sexual assault provided by A.R.S. Secs. 13–1406 and 13–1401(3).

Appellant would have us believe that A.R.S. 13–1401 and 13–1406 were not sufficient warning that his conduct was unlawful. Such an idea is too far beyond the limits of normal reasoning for this court to adopt. Appellant argues that "without consent" is not synonymous with "involuntary." "Without consent" is defined in A.R.S. Sec. 13–1401(5) to mean any of the following:

(a) The victim is coerced by the immediate use or threatened use of force against a person or property.

(b) The victim is incapable of consent by reason of mental disorder, drugs, alcohol, sleep *or any other similar impairment of cognition and such condition is*

*known or should have reasonably been known to the defendant.*

(c) The victim is intentionally deceived as to the nature of the act.

(d) The victim is intentionally deceived to erroneously believe that the person is the victim's spouse. (Emphasis added.)

A.R.S. Sec. 13–1401(5) was part of the criminal code revision in 1978. Like its predecessor, A.R.S. Sec. 13–612 (1956), it is without Arizona appellate review or construction. In *State v. Johnson*, 155 Ariz. 23, 745 P.2d 81 (1987), the court compared A.R.S. Sec. 13–1401(5) to former California Criminal Code Sec. 261(2), stating that consent was defined "in the context of mental capacity ... as requiring that the [female] have an intelligence capable of understanding the act, its nature and its possible consequences." *See People v. Dolly*, 239 Cal. App.2d 143, 146, 48 Cal.Rptr. 478, 480 (1966). The *Johnson* court also declared that "although the wording of A.R.S. Sec. 13–1401(5)(b) is different from that of its predecessor, the meaning and object of the current statute dealing with the subject of mental incapacity to consent ... is essentially the same." Youth and/or infancy precludes the ability to consent and the ability to appreciate the nature and consequences of such adult acts as those performed in the instant case. *Hines v. State*, 173 Ga.App. 657, 327 S.E.2d 786 (1985).

In general, words used in Arizona statutes are to be given their ordinary meaning unless it appears from the context or otherwise that a different meaning would control. A.R.S. Sec. 1–213; *See State v. Carter*, 123 Ariz. 524, 601 P.2d 287 (1979).[1] A "voluntary act" is defined in the Arizona Criminal Code as "a bodily movement performed consciously and as a result of effort and determination." A.R.S. Sec. 13–105(34). Simple deduction reveals the synonymy of the concepts "voluntary" and "with consent"; simple extrapolation demonstrates that their antonyms are also equivalent in meaning.

Despite the variety of names given to certain illegal conduct, it is the particular act which is the focus of state law or federal prohibition. In *Rose v. Locke*, 423 U.S. 48, 96 S.Ct. 243, 46 L.Ed.2d 185 (1975), the United States Supreme Court stated that the term "crime against nature" included a number of acts and was not unconstitutionally vague in and of itself given the broad interpretation found in state Court decisions. The court further stated that an accused could readily determine what specific act was proscribed by examining the relevant law. This seems to dispose of appellant's "lack of notice" argument.

Similarly, present and former Arizona criminal statutes proscribe the "infamous crime against nature" without making any reference to the term "sodomy." *See* A.R.S. Sec. 13–1411 and former A.R.S. Sec. 13–651. Although the former A.R.S. Sec. 13–651 did not specify the conduct constituting the prohibited acts, Arizona case law indicated that sodomy, specifically, anal intercourse, was the conduct proscribed. *See State v. Sims*, 114 Arizona 292, 294, 560 P.2d 810, 812 (1977).

This Court has on occasion reviewed the application of the Major Crimes Act. In *Acunia v. United States*, 404 F.2d 140 (9th Cir.1968), this court held that the accused could not be charged with the crime of incest under the Major Crimes Act because that offense was not one of those specified for prosecution in the Act. We do not face that situation here because the 1979 Amendment specifically names sodomy as an indictable offense and the present information was properly framed.

---

1. The ordinary meanings of the words in issue are:

consent: A concurrence of wills ... consent is an act of reason ... *voluntary* agreement by a person in the possession and exercise of sufficient mental capacity to make an intelligent *choice* ...

*voluntary:* acting of oneself ... done by design or intention ... produced in or by an act of *choice* ...

Black's Law Dictionary (5th ed. 1979).

■ In *United States v. Rider*, 282 F.2d 476 (9th Cir.1960), an information charged the defendant with the rape of a thirteen-year-old without any reference to consent. Montana law applicable to that case did not distinguish between statutory rape and forcible rape. The latter, more commonly known as common law rape, was the offense Congress intended to punish by means of the Major Crimes Act. This Court held that the district court lacked jurisdiction under the Act to try the defendant under the state's statutory rape statute. *Rider* is distinguishable from the present case in that the offense described in the indictment by reference to A.R.S. Secs. 13–1406 and 13–1401(3) is the offense Congress intended to punish through the Act. *See* United States Code and Admin. News 98th Cong., 2nd Session, p. 3499 (1984). The information charging Burnside with involuntary sodomy properly pled an offense under which the district court had exclusive jurisdiction by means of the Major Crimes Act.

AFFIRMED.