**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

GUS E. OTHER MEDICINE,
        *Defendant-Appellant.*

No. 09-30020

D.C. No.
1:08-cr-00049-
RFC-1

OPINION

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Argued and Submitted
November 2, 2009—Portland, Oregon

Filed February 26, 2010

Before: Raymond C. Fisher and Richard A. Paez,
Circuit Judges, and Barry Ted Moskowitz, District Judge.*

Opinion by Judge Fisher

*The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

## COUNSEL

William W. Mercer, United States Attorney, and Lori Harper Suek (argued), Assistant United States Attorney, Billings, Montana, for the plaintiff-appellee.

Kelly J. Varnes, Hendrickson Law Firm, P.C., Billings, Montana, for the defendant-appellant.

## OPINION

FISHER, Circuit Judge:

The Major Crimes Act, 18 U.S.C. § 1153, provides federal jurisdiction for the prosecution of Native Americans for 15 discrete crimes. Defendant-appellant Gus E. Other Medicine was indicted for the severe beating of his nine-year-old stepson and conditionally pled guilty to "felony child abuse," a crime Congress recently added to the Major Crimes Act. Other Medicine challenges the use of state law to define and punish this offense and also argues that the offense is unconstitutionally vague. We reject both arguments. Although federal criminal law includes a misdemeanor for assault on a minor, no federal law defines and punishes felony child abuse. Nor is felony child abuse vague as applied to Other Medicine's admitted conduct. We therefore hold that the district court properly denied Other Medicine's motion to dismiss the indictment.

## I.

Other Medicine is a Native American who lived on the Crow Indian Reservation in Montana. In January 2008, school personnel observed bruises and abrasions on Other Medicine's nine-year-old stepson A.C.'s face, head, ears and neck. A.C. first offered a rehearsed explanation about falling out of bed. School personnel pressed further, and A.C. eventually admitted that Other Medicine had struck him with a belt. A medical exam revealed large contusions on A.C.'s legs, hips, chest, back and buttocks, and a school nurse described the injuries as the worst case of child abuse she had seen in her 25 years at the school.

Federal authorities charged Other Medicine with two counts of felony child abuse under the Major Crimes Act, 18 U.S.C. § 1153, and Mont. Code Ann. § 45-5-212. Other Medicine moved to dismiss the superseding indictment for lack of jurisdiction, arguing that the Major Crimes Act does not provide jurisdiction over a charge defined using state law when a federal offense is available and that "felony child abuse" is unconstitutionally vague. The district court denied the motion, and Other Medicine entered a conditional guilty plea. The district court sentenced Other Medicine to 30 months' imprisonment to be followed by three years of supervised release, and Other Medicine timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the denial of Other Medicine's motion to dismiss, *United States v. Fuller*, 531 F.3d 1020, 1024 (9th Cir. 2008) (statutory grounds); *United States v. Gallenardo*, 579 F.3d 1076, 1081 (9th Cir. 2009) (constitutional grounds), and we affirm.

## II.

**[1]** The Major Crimes Act permits the federal government to prosecute Native Americans in federal courts for a limited number of enumerated offenses committed in Indian country that might otherwise go unpunished under tribal criminal justice systems. *See United States v. Burnside*, 831 F.2d 868, 870 (9th Cir. 1987) (citing *Keeble v. United States*, 412 U.S. 205 (1973)). The Major Crimes Act states in full:

(a) Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, kidnapping, maiming, a felony under chapter 109A, incest, assault with intent to commit murder, assault with a dangerous weapon, assault resulting in serious bodily injury (as defined in section 1365 of this title), an assault against an individual who has not

> attained the age of 16 years, *felony child abuse or neglect*, arson, burglary, robbery, and a felony under section 661 of this title within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.
>
> (b) Any offense referred to in subsection (a) of this section that is not defined and punished by Federal law in force within the exclusive jurisdiction of the United States shall be defined and punished in accordance with the laws of the State in which such offense was committed as are in force at the time of such offense.

18 U.S.C. § 1153 (emphasis added). Indian country includes "all land within the limits of any Indian reservation." *Id.* § 1151(a). The statute is both jurisdictional and substantive but does not define the elements of the crimes it lists. *See United States v. Male Juvenile*, 280 F.3d 1008, 1017 (9th Cir. 2002). The Major Crimes Act must be construed narrowly, in favor of limited incursion on Native American sovereignty. *See United States v. Errol D., Jr.*, 292 F.3d 1159, 1163-64 (9th Cir. 2002).

 **[2]** The Act originally allowed for prosecution of seven offenses. *See United States v. Tyndall*, 400 F. Supp. 949, 950-51 (D. Neb. 1975). Congress has added other crimes over time, and in 2006 it added a fifteenth: "felony child abuse or neglect." 18 U.S.C. § 1153(a); Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, § 215, 120 Stat. 587, 617 (2006). The addition of this particular crime was originally proposed in the Indian Child Protection and Family Violence Prevention Amendments of 2006 "to close the gap that exists in addressing the full range of crimes that may be inflicted on children." S. Rep. 109-255, at 5 (2006).

Before the addition of felony child abuse or neglect, the Major Crimes Act did provide jurisdiction to prosecute "assault against an individual who has not attained the age of 16 years." *See* Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, § 170201(e), 108 Stat. 1796, 2043 (1994); 18 U.S.C. § 1153(a) (2000). Because assault on a minor is defined and punished by a federal misdemeanor provision, however, federal prosecutors could pursue child abuse cases on reservations only as misdemeanors. *See* 18 U.S.C. §§ 113(a)(5), 1153(b); *see also United States v. Dando*, 287 F.3d 1007, 1008 (10th Cir. 2002) (using § 113(a)(5) to define the Major Crimes Act crime of assault against an individual who has not attained the age of 16 years); *cf. United States v. Bruce*, 394 F.3d 1215, 1217 (9th Cir. 2005) (using § 113(a)(5) to define assault on a "person who had not attained the age of 16 years"). The addition of felony child abuse or neglect allows prosecutors to reach more serious cases of child abuse, as well as severe neglect or sexual abuse not constituting assault.[1]

**[3]** The question before us is what source of law may be used to define and punish felony child abuse. The government may use state law only when federal law does not define and punish the Major Crimes Act offense. *See* 18 U.S.C. § 1153(b); *United States v. Maloney*, 607 F.2d 222, 225 (9th Cir. 1979). The text of the Major Crimes Act does not point to a federal definition of felony child abuse. Other Medicine suggests 18 U.S.C. § 113(a)(5), but that provision cannot define and punish the offense because its substance is already covered by another listed crime, as noted above, and expressly defines a misdemeanor, which is categorically distinct from "*felony* child abuse or neglect." 18 U.S.C. § 1153(a) (emphasis added). The law used to define an

---

[1]The Senate Committee Report addressing the need to add the felony incorrectly stated that "the federal government does not have jurisdiction to investigate or prosecute acts of child physical abuse . . . unless they rise to the level of serious bodily injury or death." S. Rep. 110-45, at 5.

offense under the Major Crimes Act must contain all descriptors Congress used to label the crime. *See Tyndall*, 400 F. Supp. at 952-53; *see also United States v. Bear*, 932 F.2d 1279, 1281-82 (9th Cir. 1991), *superseded by statute on other grounds*, Sentencing Reform Act, 18 U.S.C. § 3351(a), *as recognized in Male Juvenile*, 280 F.3d at 1024 (allowing use of a state definition of burglary of a residence despite federal definitions for several other categories of burglary); *cf. Maloney*, 607 F.2d at 225-26 (permitting use of a federal definition that deviated from the common law but not from the text of the Major Crimes Act). Nor do the rule of lenity or canons of construction favoring Native Americans permit us to overlook this mismatch; the distinction between a felony and a misdemeanor is unambiguous. Without a federal law defining and punishing felony child abuse, the government may look to applicable state law to define the crime.

**[4]** Other Medicine, however, proposes a "federal law first" rule that would require prosecutors to charge a crime defined and punished by federal law when a defendant's conduct fits such a crime, even if the defendant's conduct also fits a separate Major Crimes Act crime defined and punished by state law. This argument fails under the plain language of the Act. Section 1153(b) addresses the use of state law to define and punish an "offense referred to in subsection (a) of this section." An "offense" is the legally defined crime, not the underlying criminal conduct. *See, e.g.*, *Negonsott v. Samuels*, 507 U.S. 99, 104 (1993) ("[C]onduct resulting in [a] conviction for aggravated battery is punishable as at least two offenses listed in the Indian Major Crimes Act . . . ."). Congress deliberately added felony child abuse to the Major Crimes Act. Section 1153(b) does not prevent prosecutors from charging that crime in instances of child abuse that rise to the level of a state-defined felony.

**[5]** In sum, there is federal jurisdiction under the Major Crimes Act to prosecute cases of physical assault on a child either as a misdemeanor or — if the elements of a state-

defined felony are present — as "felony child abuse." Discretion concerning which of several overlapping crimes to charge rests with federal prosecutors. *See United States v. Batchelder*, 442 U.S. 114, 123-24 (1979); *United States v. Edmonson*, 792 F.2d 1492, 1497 (9th Cir. 1986). As we shall discuss, the government properly charged Other Medicine with felony child abuse here.

## III.

**[6]** Other Medicine also argues that "felony child abuse" is vague and therefore unenforceable under the Due Process Clause of the Fifth Amendment. " 'It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined.' " *United States v. Kim*, 449 F.3d 933, 941 (9th Cir. 2006) (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972)).

> Vague laws that do not infringe upon First Amendment rights have two principle evils: (1) they do not give a "person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly"; and (2) they encourage arbitrary and discriminatory enforcement by not providing explicit standards for policemen, judges, and juries.

*Id.* at 941-42 (quoting *Grayned*, 408 U.S. at 108-09) (footnote omitted). "[V]agueness challenges to statutes that do not involve First Amendment violations must be examined as applied to the defendant." *Id.* at 942 (citing, *inter alia*, *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 n.7 (1982)).

**[7]** Using state criminal statutes to define crimes enumerated in the Major Crimes Act provides "appropriate notice of what was condemned by law." *Burnside*, 831 F.2d at 870. The specific question we face is whether felony child abuse has a

sufficiently plain definition that Other Medicine could antici-
pate that his conduct — beating his nine-year-old stepson
severely and repeatedly — fell within that definition.
Although felony child abuse is not a common law crime, its
constituent characteristics are easily understood. "Felony"
limits the prohibited acts to "serious crime[s] usu[ally] pun-
ishable by imprisonment for more than one year or by death"
and expressly distinguishes misdemeanors. *Black's Law Dic-
tionary* 694 (9th ed. 2009); *accord* 18 U.S.C. § 3559(a)(1)-(5)
(classifying felonies as offenses punishable by imprisonment
of "more than one year"). "Child abuse" limits the crime to
"[i]ntentional or neglectful physical or emotional harm
inflicted on a child." *Black's Law Dictionary* 11; *accord* 18
U.S.C. § 3509(a)(3) ("[T]he term 'child abuse' means the
physical or mental injury, sexual abuse or exploitation, or
negligent treatment of a child.").

[8] Other Medicine's conduct falls squarely within these
parameters. A reasonable person would anticipate that
severely beating a young child with a belt and causing the
kinds of injuries A.C. suffered would violate a law barring
intentional physical harm inflicted on a child in a manner seri-
ous enough to warrant imprisonment of a year or more. Under
Montana law, assault on a victim under 14 years of age by an
offender who is 18 years of age or older is a felony. Mont.
Code Ann. § 45-5-212. Assault is defined as "purposely or
knowingly caus[ing] bodily injury to another," *id.* § 45-5-
201(1)(a), or "negligently caus[ing] bodily injury to another
with a weapon," *id.* § 45-5-201(1)(b). Other Medicine's con-
duct fits both definitions. Other Medicine cannot argue that he
lacked notice because the Montana statute is not titled "felony
child abuse." Major Crimes Act crimes have long been inter-
preted to criminalize categories of conduct, rather than to
incorporate only crimes sharing the same title. *See Burnside*,
831 F.2d at 871.

[9] Punishing Other Medicine for felony child abuse or
neglect was not arbitrary. This was an extremely serious case

of child abuse, the worst case that a school nurse had seen in her 25-year career. Prosecutors properly exercised their discretion to indict Other Medicine for an appropriately serious crime. Felony child abuse is not void for vagueness as applied to Other Medicine. The district court's order denying Other Medicine's motion to dismiss the indictment is affirmed.

AFFIRMED.