FILED

DEC 08 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RUDY LEE WAHCHUMWAH,

Defendant - Appellant.

No. 08-30476

D.C. No. CR-08-2016-WFN

MEMORANDUM *


Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Argued and Submitted October 14, 2009
Seattle, Washington

Before:  CUDAHY, ** Senior Circuit Judge, and RAWLINSON and
CALLAHAN, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Richard D. Cudahy, Senior United States Circuit
Judge for the Seventh Circuit, sitting by designation.

Appellant Rudy Lee Wahchumwah appeals his conviction for failure to register as a sex offender in violation of the Sex Offender Registration and Notification Act (SORNA), *see* 18 U.S.C. § 2250, and his 24-month, within-Guidelines sentence.

1. We deferred submission of this case pending the Supreme Court's decision in *Carr v. United States*, 130 S. Ct. 2229 (2010). Because Wahchumwah was initially prosecuted as a sex offender under federal law and, in the present case, was charged and convicted of failing to register while he was residing in Indian country in late 2007, *Carr* does not affect this appeal. *See* 18 U.S.C. § 2250(a)(2)(A)-(B); *Carr*, 130 S.Ct. at 2235 n.3 (noting "[f]or persons convicted of sex offenses under federal or Indian tribal law, interstate travel is not a prerequisite to § 2250 liability").

2. We review *de novo* a motion to dismiss based on statutory or constitutional interpretation. *United States v. Other Medicine*, 596 F.3d 677, 680 (9th Cir. 2010). The district court correctly denied Wahchumwah's motion to dismiss because SORNA is not unconstitutionally vague and because Wahchumwah's conviction was not contingent on Washington State's implementation of SORNA's registration standards. *See United States v. George*, No. 08-30339, 2010 WL 3768047 at *1-2 (9th Cir. Sept. 29, 2009); *see also Carr*, 130 S. Ct. at 2240 (noting that "[t]he act of travel by a sex offender may serve as a

jurisdictional predicate for § 2250, but it is also, like the act of possession, the very conduct at which Congress took aim"). Additionally, SORNA is a permissible exercise of Congress's Commerce Clause power. *Id*. at *3-4; *see also Carr*, 130 S. Ct. at 2238 (approving Congress's decision to subject certain "offenders to criminal liability only when, after SORNA's enactment, they use the channel of interstate commerce in evading a State's reach").

3. We review *de novo* whether a prior conviction may be used to calculate a defendant's criminal history score. *See United States v. Allen*, 153 F.3d 1037, 1040 (9th Cir. 1998). Although the signing of a plea form without an explicit waiver of counsel does not necessarily constitute a waiver of claim to counsel, here, Wahchumwah's criminal history was properly enhanced based on his conviction because he failed to overcome the presumption that there was a valid waiver of counsel. *See id*. at 1041; *United States v. Mulloy*, 3 F.3d 1337, 1339 (9th Cir. 1993) (explaining that a defendant may not meet his burden with a silent or missing record).

4. We review a defendant's sentence first for procedural error and second for substantive reasonableness. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir.) (en banc), *cert. denied sub nom. Zavala v. United States*, 553 U.S. 1061 (2008). Wahchumwah argues that the district court committed procedural error because it

3

failed to address his arguments that (1) he was denied the opportunity to seek a partially concurrent sentence for a supervised release violation and for the present violation of SORNA; (2) Sentencing Guideline § 2A3.5 is not based on proper study or research; and (3) the district court did not explain its reasons for denying his request for an 18-month sentence combined with 6 months in a residential re-entry center. Wahchumwah did not object to the district court's procedure during sentencing, so we review for plain error. *See United States v. Waknine*, 543 F.3d 546, 551 (9th Cir. 2008). The district court did not err: it questioned Wahchumwah's counsel regarding his arguments for a lower sentence, indicated that it had reviewed the papers submitted and expressly considered the Guidelines and the 18 U.S.C. § 3553(a) factors in making its sentencing determination. *See, e.g.*, *Rita v. United States*, 551 U.S. 338, 356-58 (2007) (holding that "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority," and that "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation"). Moreover, Wahchumwah has not proved prejudice. *See United States v. Marcus*, 130 S.Ct. 2159, 2164 (2010) (the "substantial rights" prong of the plain error test normally requires the defendant to prove that there is a

4

"reasonable probability that the error affected the outcome of the district court proceedings"); *United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

The district court is therefore AFFIRMED.