NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30030 |
| Plaintiff-Appellee, | D.C. No. 4:19-cr-00007-BMM-1 |
| v. | |
| JAMES MICHAEL GARCIA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted November 17, 2020[**]
Seattle, Washington

Before:    GOULD and FRIEDLAND, Circuit Judges, and BOUGH,[***] District Judge.

James Michael Garcia appeals from the district court's order denying his

motion to dismiss a count of assault resulting in serious bodily injury in Indian

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

Country, in violation of 18 U.S.C. §§ 113(a)(6), 1153, after he pleaded guilty to felony child abuse, in violation of 18 U.S.C. § 1153(a) and Mont. Code Ann. § 45-5-212(1). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *see United States v. Ziskin*, 360 F.3d 934, 943 (9th Cir. 2003), and we affirm.

Garcia was charged in a two-count superseding indictment with abusing his daughter within the Fort Peck Indian Reservation after the girl's mother reported that she heard, over the telephone, Garcia strike their child. Garcia contends that because he pleaded guilty to Count 2 of the superseding indictment, felony child abuse, the government's continued prosecution against him under Count 1, assault resulting in serious bodily injury, violates the Double Jeopardy Clause of the Fifth Amendment. The Double Jeopardy Clause protects defendants against multiple trials and cumulative punishments. *See Ohio v. Johnson*, 467 U.S. 493, 499 (1984). However, the same act can constitute multiple offenses and be tried and punished accordingly if each statute requires proof of an additional element that the other does not. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932).

Because the Major Crimes Act, 18 U.S.C. § 1153, enables prosecution of felony child abuse in Indian country, but does not point to a federal definition of the crime, the government may use the state law of where the offense occurred to define the elements and punishments. *See United States v. Other Medicine*, 596 F.3d 677, 681 (9th Cir. 2010). Garcia concedes that felony child abuse in Montana

has an age requirement and that assault resulting in serious bodily injury does not, but contends that this is the only difference between the two offenses. However, a conviction for assault resulting in serious bodily injury requires proof of "serious bodily injury," 18 U.S.C. § 113(a)(6), while felony child abuse requires proof of only "bodily injury," Mont. Code. Ann. § 45-5-212(1) (referring to Mont. Code. Ann. § 45-5-201). Garcia acknowledges that, in the context of felony child abuse here, bodily injury is defined as "physical pain, illness, or an impairment of physical condition and includes mental illness or impairment." Mont. Code Ann. § 45-2-101(5). Serious bodily injury, however, requires proof of greater harm; it refers to bodily injury that involves: "a substantial risk of death," "extreme physical pain," "protracted and obvious disfigurement," or "protracted loss or impairment of the function of a bodily member, organ, or mental faculty." 18 U.S.C. § 1365(h)(3).

Garcia concedes that felony child abuse has an age requirement that assault resulting in serious bodily injury does not. Assault resulting in serious bodily injury requires proof of greater harm than felony child abuse. Therefore, each offense requires proof of an element that the other does not, and the district court properly determined that the Double Jeopardy Clause does not preclude Garcia's prosecution for assault resulting in serious bodily injury after he pleaded guilty to felony child abuse.

To the extent Garcia argues that the evidence the government would use to prove serious bodily injury is the same he stipulated to in his guilty plea, the government does not need to demonstrate separate conduct to avoid violating the Double Jeopardy Clause. *See United States v. Wright*, 79 F.3d 112, 114 (9th Cir. 1996).

**AFFIRMED**.

20-30030