**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 21-30128, 21-30129 |
| *Plaintiff-Appellee*, | |
| v. | D.C. Nos. 4:19-cr-00029-BMM-1 4:19-cr-00029-BMM 4:19-cr-00030-BMM-1 4:19-cr-00030-BMM |
| LUKE JOHN SCOTT, Sr., | |
| *Defendant-Appellant*. | OPINION |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted August 23, 2023
Portland, Oregon

Filed October 6, 2023

Before: Mark J. Bennett, Lawrence VanDyke, and Holly
A. Thomas, Circuit Judges.

Opinion by Judge Bennett

# SUMMARY[*]

## Criminal Law

In consolidated appeals arising from two criminal cases, the panel (1) affirmed Luke Scott's conviction for felony child abuse under the Major Crimes Act, 18 U.S.C. § 1153, and Mont. Code Ann. § 45-5-212; and (2) affirmed the district court's application of a serious bodily injury enhancement under U.S.S.G. § 2A3.1(b)(4)(B) to Scott's sentence for aggravated sexual abuse by force or threat in violation of 18 U.S.C. § 2241(a).

The panel held that, as in *United States v. Other Medicine*, 596 F.3d 677 (9th Cir. 2010), the government properly charged Scott with felony child abuse under the Major Crimes Act and the Montana statute. The Major Crimes Act provides federal jurisdiction for the prosecution of Native Americans for discrete crimes, including "felony child abuse." It also provides that, when an enumerated offense is not defined and punished by federal law, it shall be defined and punished in accordance with the laws of the state in which such offense was committed. The panel rejected Scott's argument that Congress's 2013 amendments to the Major Crime Act—including its addition of "a felony assault under section 113"—displaced the crime of felony child abuse under the Major Crimes Act such that the government may no longer use state law to define the crime. The panel wrote that if Congress intended 18 U.S.C. § 113(a)(7) (assault resulting in substantial bodily injury to

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

an individual under age 16) to replace felony child abuse, Congress would have deleted felony child abuse from the Major Crimes Act.  Because the 2013 amendments had no effect on the separate offense of felony child abuse under the Major Crimes Act, *Other Medicine* controls.

The panel rejected Scott's argument that the district court's imposition of the serious bodily injury enhancement under § 2A3.1(b)(4)(B) for his conviction for aggravated sexual abuse resulted in improper double counting.  Scott argued that, because U.S.S.G. § 1B1.1 provides that "serious bodily injury" is deemed to have occurred for aggravated sexual abuse offenses, the base offense level for such offenses under the Sexual Abuse Guidelines must already account for serious bodily injury that resulted from the sexual abuse.  The panel adopted the Tenth Circuit's analysis, which reasoned that (1) § 1B1.1 provides different definitions of "serious bodily injury"—a Harm Definition and a Conduct Definition; (2) the Conduct Definition cannot be used when applying the Sexual Abuse Guideline; (3) nothing precludes a sentencing court from considering whether the victim's injuries "resulting directly from the sexual abuse as well as those suffered during relevant conduct surrounding that offense" qualify as serious bodily injury under the Harm Definition; and (4) the serious-bodily-injury enhancement can apply to a sexual abuse offender convicted under convicted under § 2241, but it must be based on the fact that the victim's injuries meet § 1B1.1's Harm Definition.  Because Scott made no argument that the district court failed to apply the Harm Definition or that the victim's injuries resulting from the sexual abuse or from Scott's other conduct surrounding the offense failed to meet the Harm Definition, the panel concluded that Scott failed to show that

the district court erred in applying the serious-bodily-injury enhancement.

The panel addressed Scott's other challenges in a concurrently filed memorandum disposition.

---

**COUNSEL**

Stephen R. Hormel (argued), Hormel Law Office, Spokane Valley, Washington, for Defendant-Appellant.

Tim Tatarka (argued), Assistant United States Attorney, United States Attorney's Office, Billings, Montana; Kalah A. Paisley, Assistant United States Attorney; Jesse A. Laslovich, United States Attorney; United States Attorney's Office, Great Falls, Montana; for Plaintiff-Appellee.

# OPINION

BENNETT, Circuit Judge:

This is a consolidated appeal of two criminal cases, and we have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. In this opinion, we address two issues raised by Defendant-Appellant Luke Scott.[1] In Appeal No. 21-30128, we hold that the government had jurisdiction to prosecute Scott for felony child abuse under the Major Crimes Act, 18 U.S.C. § 1153, and Mont. Code Ann. § 45-5-212. We therefore affirm Scott's conviction for felony child abuse. In Appeal No. 21-30129, because Scott fails to show that the district court's imposition of the serious bodily injury enhancement under § 2A3.1(b)(4)(B) of the United States Sentencing Guidelines[2] resulted in improper double counting, we affirm the district court's imposition of the enhancement.

## I. BACKGROUND

We discuss only the background relevant to the issues in this opinion. Scott is a Native American who lived on the Fort Peck Indian Reservation in Montana. The crimes Scott was convicted of occurred on that Reservation. Scott proceeded pro se at both trials but had counsel during sentencing.

---

[1] We address all of Scott's other challenges in a concurrently filed memorandum disposition.

[2] U.S. Sent'g Guidelines Manual § 2A3.1(b)(4)(B) (U.S. Sent'g Comm'n 2018) [hereinafter U.S.S.G.].

## A. Appeal No. 21-30128: Child Assault Case

Scott was charged in a two-count indictment. Count 1 charged Scott with assaulting "John Doe," with that assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6). Count 2 charged Scott, who was over eighteen, with felony child abuse under the Major Crimes Act and Mont. Code Ann. § 45-5-212, for purposely or knowingly causing bodily injury to Doe, who was under fourteen.[3] The jury found Scott guilty on both counts. Scott argues for the first time on appeal that the Major Crimes Act does not provide federal jurisdiction to prosecute felony child abuse under Montana law.

## B. Appeal No. 21-30129: Sexual Abuse Case

In the second case, Scott was charged with offenses related to forcing a forty-seven-year-old female victim to engage in a sexual act. Count 1 charged Scott with aggravated sexual abuse by force or threat in violation of 18 U.S.C. § 2241(a). Count 2 charged him with assault with intent to commit murder in violation of 18 U.S.C. § 113(a)(1).

The victim testified that on the day of the assault, she had been drinking since the early afternoon, and had gotten into a verbal argument with another woman. Later that evening, the victim ran into Scott, and she followed him down to the river because he said his mother was there. But when they

---

[3] Mont. Code Ann. § 45-5-212(1) provides: "A person commits the offense of assault on a minor if the person commits an offense under 45-5-201, and at the time of the offense, the victim is under 14 years of age and the offender is 18 years of age or older." As relevant here, section 45-5-201 in turn provides: "A person commits the offense of assault if the person . . . purposely or knowingly causes bodily injury to another . . . ." Mont. Code Ann. § 45-5-201(1)(a).

arrived no one was there. They sat down and started talking. Scott told the victim that the woman with whom she had gotten into an argument had "put a hit on" her. Scott then put his arm around the victim's neck and used his free hand to cover her nose and mouth. The victim thought she "was going to die." Scott's arm squeezed her neck, and she had a hard time breathing. Scott then pulled off her clothes and forced his penis into her vagina. Sometime during the assault, the victim blacked out, and she heard Scott say that he would be killed because he failed to "finish [her] off." After the assault, Scott dragged the victim up the hill by her arm. She then walked to a bar and called 911.

The prosecution presented corroborating evidence, including testimony from officers involved in the investigation and medical professionals who examined the victim after the rape and assault. The nurse who treated the victim testified that the victim had intravaginal bleeding but no visible exterior lacerations on her vaginal area. A medical expert testified about the effects of strangulation, including the risk of death. The prosecution also introduced photos of the victim's injuries, which included scratches on her neck and face, and scratches and bruises on other parts of her body. Scott testified that he never had sex with the victim and did not commit the assault.

The jury found Scott guilty on Count 1, aggravated sexual abuse. It did not reach a verdict on Count 2's charge of assault with intent to commit murder, instead finding Scott guilty of the lesser included misdemeanor offense of assault by striking, beating, or wounding in violation of 18 U.S.C. § 113(a)(4).

During sentencing, Scott argued that the court should not apply the sentencing enhancement for serious bodily injury

under U.S.S.G. § 2A3.1(b)(4)(B) because serious bodily injury was already accounted for in the base offense level for aggravated sexual abuse. The district court rejected Scott's argument and applied the enhancement. The court sentenced Scott to 125 months.

On appeal, Scott renews his argument that imposition of the serious bodily injury enhancement resulted in improper double counting.

## II. STANDARD OF REVIEW

We review de novo jurisdictional issues, even when they are raised for the first time on appeal. *See United States v. Anderson*, 472 F.3d 662, 666 (9th Cir. 2006) ("Jurisdictional issues are reviewed de novo . . . ."); *United States v. Kahlon*, 38 F.3d 467, 469 (9th Cir. 1994) (noting that jurisdictional claims are an exception to the rule that issues generally cannot be raised for the first time on appeal).

In reviewing a district court's imposition of an enhancement under the Sentencing Guidelines, we review de novo a district court's identification and interpretation of the correct legal standards. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). We apply clear error review to the district court's factual findings. *Id.* We review for abuse of discretion "a district court's application of the Sentencing Guidelines to the facts of a given case,"— "that is, . . . whether the set of historical facts as found satisfies the governing legal standard." *Id.*

## III. DISCUSSION

### A. Major Crimes Act

"The Major Crimes Act, 18 U.S.C. § 1153, provides federal jurisdiction for the prosecution of Native Americans

for . . . discrete crimes," including "felony child abuse." *United States v. Other Medicine*, 596 F.3d 677, 679 (9th Cir. 2010). The Major Crimes Act provides that, when an enumerated offense "is not defined and punished by Federal law[,] . . . [it] shall be defined and punished in accordance with the laws of the State in which such offense was committed." *Id.* at 680 (quoting 18 U.S.C. § 1153(b)). In *Other Medicine*, we held that because "[t]he text of the Major Crimes Act does not point to a federal definition of felony child abuse," *id.* at 681, it was proper for the government to prosecute the offense under Mont. Code Ann. § 45-5-212 (the same Montana statute here), *id.* at 679, 681–82. Thus, we concluded that "there is federal jurisdiction under the Major Crimes Act to prosecute cases of physical assault on a child . . . as 'felony child abuse'" using state law to define that crime. *Id.* at 682.

As in *Other Medicine*, the government properly charged Scott with felony child abuse under the Major Crimes Act and Mont. Code Ann. § 45-5-212. Scott argues, however, that *Other Medicine* does not control because it was decided before the 2013 amendments to the Major Crimes Act. In 2013, the Major Crimes Act was amended as follows (deleted text is crossed out and added text is bolded):

> (a) Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, kidnapping, maiming, a felony under chapter 109A, incest, ~~assault with intent to commit murder, assault with a dangerous weapon, assault resulting in serious bodily injury (as defined in section 1365 of this title)~~ **a felony assault under**

> **section 113**, an assault against an individual who has not attained the age of 16 years, felony child abuse or neglect, arson, burglary, robbery, and a felony under section 661 of this title within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

*See* Violence Against Women Reauthorization Act of 2013, Pub. L. No. 113-4, § 906(b), 127 Stat. 54, 125 (2013).

Scott argues that by adding "a felony assault under section 113," Congress added *all* felony assaults under § 113, including "[a]ssault resulting in substantial bodily injury to . . . an individual who has not attained the age of 16 years" under § 113(a)(7). As a result, according to Scott, the government must charge felony child abuse under § 113(a)(7) and may no longer use state law to define the crime.

We reject Scott's argument. In essence, Scott argues that the addition of § 113(a)(7) displaced the crime of felony child abuse under the Major Crimes Act.[4] But as the government points out, that makes no sense, because the 2013 amendments *retained* "felony child abuse" as a separate offense. If Congress intended § 113(a)(7) to replace felony child abuse, it would have deleted felony child abuse

---

[4] To the extent that Scott's argument could be construed as proposing a "federal law first" rule—that the government must charge a crime defined by federal law even if the defendant's conduct also fits a separate Major Crimes Act crime defined by state law—we rejected such argument in *Other Medicine*. *See* 596 F.3d at 681.

from the Major Crimes Act. Congress did not do so. Thus, "felony assault under section 113" and "felony child abuse" remain discrete crimes chargeable under the Major Crimes Act. Because the 2013 amendments had no effect on the separate offense of felony child abuse under the Major Crimes Act, *Other Medicine* controls.

## B. Serious Bodily Injury Enhancement

To calculate Scott's offense level for aggravated sexual abuse in violation of 18 U.S.C. § 2241(a), the district court properly looked to U.S.S.G. § 2A3.1 ("Sexual Abuse Guideline"). Under that guideline, the base offense level for aggravated sexual abuse is 30. U.S.S.G. § 2A3.1(a)(2). But the offense level can be increased for certain enumerated "[s]pecific [o]ffense [c]haracteristics," including a two-level increase "if the victim sustained serious bodily injury." *Id.* § 2A3.1(b)(4)(B).

Here, the application of the serious bodily injury enhancement is not straightforward because the Sentencing Guidelines provide different definitions of "serious bodily injury." Section 1B1.1, which applies generally to all guideline provisions, provides two definitions:

> [1] "Serious bodily injury" means injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation. [2] In addition, "serious bodily injury" is deemed to have occurred if the offense involved conduct constituting criminal sexual abuse under 18 U.S.C.

§ 2241 or § 2242 or any similar offense under
state law.

*Id.* § 1B1.1 cmt. n.1(M).  In this opinion, we refer to the first
definition as the "Harm Definition" and the second as the
"Conduct Definition."

The Sexual Abuse Guideline offers another definition:

For purposes of this guideline: . . . "serious
bodily injury" [has] the meaning given [that]
term[] in Application Note 1 of the
Commentary to § 1B1.1 (Application
Instructions).  However, for purposes of this
guideline, "serious bodily injury" means
conduct other than criminal sexual abuse,
which already is taken into account in the
base offense level under subsection (a).

*Id.* § 2A3.1 cmt. n.1.

Scott argues that, because § 1B1.1 provides that "serious
bodily injury" is deemed to have occurred for aggravated
sexual abuse offenses, the base offense level for such
offenses under the Sexual Abuse Guideline must already
account for any serious bodily injury that resulted from the
sexual abuse.  He contends that the serious bodily injury
enhancement can be applied only when "conduct separate
and apart from the conduct surrounding" the sexual abuse
resulted in serious bodily injury to the victim.  Because, in
his view, he engaged in no separate conduct apart from the
sexual abuse that resulted in serious bodily injury to the
victim, he argues that imposition of the serious bodily injury
enhancement resulted in improper double counting.

To address Scott's improper double-counting argument, we must first decide, in applying the Sexual Abuse Guideline, how we should interpret "serious bodily injury." Although we have not addressed this issue, other circuits have. *See United States v. Long Turkey*, 342 F.3d 856, 858 (8th Cir. 2003) (holding that an "act of sexual abuse is insufficient by itself to support a § 2A3.1(b)(4)(B) enhancement" but that a court can consider "any injuries resulting from an episode of criminal sexual abuse"); *United States v. Jim*, 786 F.3d 802, 814–15 (10th Cir. 2015) (holding that a court may apply the serious bodily injury enhancement based on the victim's injuries resulting directly from the sexual abuse); *cf. United States v. Bell*, 367 F.3d 452, 470 (5th Cir. 2004) (noting that the "serious bodily injury" definitions under § 1B1.1 and § 2A3.1 are inconsistent but declining to "work[] out" the inconsistency because there was evidence of serious bodily injury apart from the rape—the victim's face was swollen as though he had been beaten).

We find the Tenth Circuit's analysis in *Jim* persuasive. The court began by reconciling the different definitions of "serious bodily injury." It reasoned that § 1B1.1 provides two definitions: the Harm Definition and the Conduct Definition. *Jim*, 786 F.3d at 814. It then determined that the Conduct Definition cannot be used when applying the Sexual Abuse Guideline because, as the Sexual Abuse Guideline application note explains, that guideline already accounts for the defendant's sexual abuse *conduct* in the base offense level. *Id.* While the court noted that the "application note's language—in particular, the phrase 'injury means conduct'—is perplexing," it concluded that, when read in context, the "language means that the sentencing court, in calculating a sexual abuse defendant's

offense level, cannot apply the serious-bodily-injury enhancement based on the fact that the offender committed a sexual abuse offense." *Id.* That is, the court cannot rely on the Conduct Definition to support the enhancement.

But the court determined that nothing precludes a sentencing court from considering whether the victim's injuries "resulting directly from the sexual abuse as well as those suffered during relevant conduct surrounding that offense" qualify as serious bodily injury under the Harm Definition. *Id.* at 815. Thus, the court held that the "two-level serious-bodily-injury enhancement can still apply to a sexual abuse offender [convicted under § 2241], but it must be based on the fact that the victim's injuries meet the first definition of 'serious bodily injury'" under § 1B1.1—the Harm Definition. *Id.* at 814. The court noted that its decision was consistent with out-of-circuit cases. *Id.* at 815. It then explained why its holding did not result in improper double counting:

> [T]he base offense level takes into account the *offender's* conduct in committing a sexual abuse offense, not the injuries the victim suffered. The district court's reasoning erroneously treats the victim's injuries as identical to the defendant's conduct. While in any given case there may be a correlation between the egregiousness of the defendant's conduct in committing the sexual abuse and the injuries the victim suffered as a direct result of the sexual abuse, that will not always be the case. And, in any event, the guidelines can enhance a defendant's offense level both for the egregiousness of his *conduct* in

committing a sex offense and for the *injuries* inflicted during that offense because those enhancements address different and distinct matters. Furthermore, the high standard for injuries required to satisfy [the Harm Definition] provides adequate insurance against double-counting because the injuries described there fall outside the standard or heartland range of injuries that could be expected in a baseline offense of criminal sexual abuse under § 2A3.1(a). So long as the district court does not impose the serious-bodily-injury enhancement just on the fact that criminal sexual abuse occurred, there will not be the type of impermissible double-counting about which the district court was concerned.

*Id.* at 815–16.

We agree with this analysis and adopt it. It provides a reasonable interpretation of the Sentencing Guidelines that reconciles the differing definitions of "serious bodily injury," is consistent with the decisions of other circuits, and does not result in impermissible double counting with regard to the base offense level. It also avoids the "unworkable requirement" of "attempting to distinguish between injuries suffered as a direct result of the sexual abuse and those suffered during the incident but before or after the sexual abuse." *Id.* at 815.

Under this test, Scott fails to show that the district court erred in applying the serious bodily injury enhancement. He makes no argument that the court failed to apply the Harm Definition or that the victim's injuries resulting from the

sexual abuse or from Scott's other conduct surrounding the offense failed to meet the Harm Definition.  Instead, he argues only that application of the enhancement per se results in improper double counting when it is based on the victim's injuries caused directly by the sexual abuse. Because we reject that argument, we affirm the district court's imposition of the enhancement.

## IV.  CONCLUSION

In Appeal No. 21-30128, the government had jurisdiction to prosecute the felony child abuse offense under the Major Crimes Act, 18 U.S.C. § 1153, and Mont. Code Ann. § 45-5-212.  Thus, we **AFFIRM** Scott's conviction for felony child abuse.  In Appeal No. 21-30129, we **AFFIRM** the district court's imposition of the serious bodily injury enhancement, as Scott fails to show that it resulted in improper double counting.

**AFFIRMED.**