**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 26 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-1558 |
| Plaintiff - Appellee, | D.C. No.<br>1:22-cr-00060-LEK-2 |
| v. | |
| GWYNN DARLE MORRISON, AKA Julie Lyn Montague, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted June 3, 2025
Honolulu, Hawaii

Before: W. FLETCHER, CHRISTEN, and DESAI, Circuit Judges.

Gwynn Darle Morrison appeals the district court's sentence of 34-months imprisonment followed by a three-year term of supervised release for conspiring to make false representations to a government agency under 18 U.S.C. § 371, aggravated identity theft under 18 U.S.C. § 1028A, and making and conspiring to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

make false statements in an application for and use of a passport under 18 U.S.C. §§ 371, 1542. Morrison appeals her sentence on two grounds: First, she argues that the district court violated Federal Rule of Criminal Procedure 32(i)(3) by failing to resolve a factual dispute regarding whether she willfully obstructed justice. Second, she argues that the district court abused its discretion by applying an obstruction of justice enhancement under U.S.S.G. § 3C1.1. We have jurisdiction under 28 U.S.C. § 1291. We vacate Morrison's sentence because the record does not support the obstruction of justice enhancement.

We review de novo the district court's compliance with Rule 32, *United States v. Saeteurn*, 504 F.3d 1175, 1178 (9th Cir. 2007), and its interpretation of the Sentencing Guidelines, *United States v. Scott*, 83 F.4th 796, 799 (9th Cir. 2023). We review the district court's application of the Guidelines to the facts for abuse of discretion and its factual findings for clear error. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

1. The district court did not violate Rule 32. Under this rule, a sentencing court "must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B). Here, the district court satisfied Rule 32 when it acknowledged and overruled Morrison's objection to

the portion of the presentence report asserting that she "willfully" obstructed justice. *See United States v. Doe*, 488 F.3d 1154, 1158 (9th Cir. 2007). Furthermore, by adopting the factual statements contained in the presentence report, the district court "sided with the government" on this dispute of fact. *See id.* at 1159.

2.      On the facts of this case, the district court abused its discretion by imposing the two-level enhancement for obstruction of justice. U.S.S.G. § 3C1.1 imposes a two-level offense increase if a "defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." The Guideline's application notes provide examples of covered conduct, such as perjury, but also provide limitations on the applicability of the adjustment. *See* U.S.S.G. § 3C1.1 cmt. n.4(B), n.2.

The record does not support the district court's application of the obstruction of justice enhancement to Morrison's sentence. First, because the criminal charges brought against Morrison were directed at her false identification as Julie Lyn Montague, Morrison's repeated unsworn statements that she is Julie Lyn Montague constituted denials of guilt, which cannot form the basis for an obstruction of justice enhancement. U.S.S.G. § 3C1.1, cmt. n.2 (explaining that a "defendant's denial of guilt (other than a denial of guilt under oath that constitutes perjury)" or "refusal to admit guilt . . . is not a basis for application of this provision"). Second, the district

court made no express factual findings that Morrison gave "false testimony" and that "the falsehoods were willful and material to the criminal charges." *See United States v. Castro-Ponce*, 770 F.3d 819, 823 (9th Cir. 2014); *see also* U.S.S.G. § 3C1.1 cmt. n.2 (explaining that "inaccurate testimony or statements sometimes may result from confusion, mistake, or faulty memory and, thus, not all inaccurate testimony or statements necessarily reflect a willful attempt to obstruct justice"). Therefore, the record does not support applying the obstruction of justice enhancement based on perjury.

The government forfeited any argument that the erroneous application of the enhancement was harmless error. *United States v. Yates*, 16 F.4th 256, 271 (9th Cir. 2021) ("[W]e have held that a claim of harmless error is subject to forfeiture, and that we will not consider it when, as in this case, the government does not advance a developed theory about how the errors were harmless." (quotation omitted)). That said, even if we consider harmlessness sua sponte, *see id.*, we conclude that the district court's error was not harmless. Without the obstruction of justice enhancement, Morrison's Guidelines range would have been 6 to 12 months, rather than 10 to 16 months. U.S.S.G. Ch. 5, Pt. A. Nothing in the sentencing colloquy suggests the district court would have "impose[d] the same sentence regardless of the Guidelines calculation." *United States v. Leal-Vega*, 680 F.3d 1160, 1170 (9th Cir. 2012); *United States v. Munoz-Camarena*, 631 F.3d 1028, 1031 (9th Cir. 2011)

(per curiam). Accordingly, we vacate the obstruction of justice enhancement and remand the case for resentencing.

**VACATED and REMANDED.**